UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| Roman Catholic Archbishop of Boston, a Corporation Sole, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| Lumbermens Mutual Casualty Company, | ) ) ) |
| Defendant. | ) ) ) |

Civil Action No. 04-10461-DPW

**REPLY OF PLAINTIFF ROMAN CATHOLIC ARCHBISHOP OF BOSTON, A CORPORATION SOLE, TO DEFENDANT'S COUNTERCLAIM**

Plaintiff the Roman Catholic Archbishop of Boston, a Corporation Sole (the "RCAB"), for its answer to Defendant Lumbermens Mutual Casualty Company's ("LMC") Counterclaim, avers as follows.

1. The RCAB admits that the action involves an insurance coverage dispute. It denies that LMC has accurately described the issues presented, and it denies LMC's assertions that LMC owes nothing to the RCAB. The RCAB further denies that it owes anything to LMC. On the contrary, this Counterclaim is itself further evidence of LMC's bad faith insurance practices. Although it is not required to respond to the preamble preceding paragraph 1 of the Counterclaim, the RCAB states that LMC's reliance upon it is solely for inflammatory purposes and is irrelevant to the issues in this action.

2. The RCAB admits the allegations contained in paragraph 2 of the Counterclaim.

3. The RCAB admits the allegations contained in paragraph 3 of the Counterclaim.

4.  The RCAB admits that LMC and the RCAB have had a longstanding relationship as insurer and insured, dating back prior to 1964. Further answering, the RCAB admits that, during at least some of the relevant times, the RCAB employed someone in the position of insurance manager, but denies that such employment is relevant to these proceedings. The insurance manager did assess the insurance needs of the RCAB. Except as expressly admitted, the allegations contained in paragraph 4 of the Counterclaim are denied.

5.  Paragraph 5 of the Counterclaim contains legal assertions to which no response is required. To the extent a response is required, the RCAB states that, despite a diligent search commencing in 1993 for the actual policies issued by LMC, it was unable to locate any of the policies and was unable to produce them to LMC. By contrast, LMC apparently did have copies of at least some of the policies, but failed to acknowledge this fact or to produce any of them until 2000. The remaining allegations of paragraph 5 of the Counterclaim are denied.

6.  The RCAB admits that it has not produced any of the actual policies of insurance (under which it is entitled to coverage) to LMC, and denies the remaining allegations and inflammatory characterizations contained in paragraph 6 of the Counterclaim. The RCAB further asserts that LMC in fact has at least some of the policies it issued over the years to the RCAB.

7.  The RCAB admits that it undertook to find and examine secondary evidence of coverage. The RCAB denies that there was any joint effort by the RCAB and LMC in this regard. The RCAB also denies the remaining allegations in paragraph 7, except so much as relates to actions taken by LMC, as to which the RCAB is without knowledge or information sufficient to form a belief as to the truth of the allegations. The RCAB asserts that whatever action LMC may have taken to locate policies was imbued with bad faith, as evidenced by its wrongful denials that it

could find policies or that they provided coverage, by its rejection of the RCAB's evidence of coverage, and by its assertions of non-existent aggregate limits.

8.     The RCAB admits that Declaration Pages are evidence of coverage. The RCAB denies that LMC produced any Declaration Pages to the RCAB prior to July 2000. The RCAB denies that it had any other access to the Declaration Pages of the policies issued to it by LMC prior to July 2000. Further answering, the RCAB admits that the Declaration Pages produced by LMC in 2000 make reference to a $300,000 aggregate limit as well as a $300,000 per occurrence limit, but said pages also clearly state that the statement of limits is "subject to all the terms of the policy having reference thereto," and the Limits of Liability section of the Insuring Agreement, which was produced together with the Declaration Pages, makes obvious that the aggregates apply only to products liability and completed operations hazards, neither of which has any bearing on the issues presented by the RCAB's claim, as LMC well knew.

9.     The RCAB admits that it had discussions with LMC during the time period in question, but denies that any insurance program was fashioned by agreement, and denies the remaining allegations of paragraph 9 of the Counterclaim. LMC's assertions and inflammatory language are further evidence of its bad faith.

10.     The RCAB denies the allegations contained in paragraph 10 of the Counterclaim. The RCAB further answers that LMC misrepresented that the policies contained such applicable aggregate limits, and that the RCAB relied on those misrepresentations to its detriment. Further answering, the RCAB admits that, upon the purported "exhaustion" of any particular policy, LMC attributed payments made in settlement of those claims to the other policy years with a "remaining aggregate", but states that this action was in accord with the relevant law pertaining

to occurrences, and was not the result of any agreement between the RCAB and LMC. LMC's assertions are further evidence of its bad faith.

11.     The RCAB denies the allegations contained in paragraph 11 of the Counterclaim.

12.     The RCAB denies the allegations contained in paragraph 12 of the Counterclaim. Further answering, the RCAB states that, in March 2000, representatives of LMC asked counsel for the RCAB to draft such a letter to be printed on LMC letterhead and to be signed by counsel for LMC. In reliance on various representations made by LMC, including those concerning the existence and applicability of aggregate limits in the policies issued by LMC, counsel for the RCAB did so. That letter was sent out to the plaintiffs' counsel by Paul Meany, a representative of LMC, with his signature and on Kemper letterhead.

13.     The RCAB denies the allegations contained in paragraph 13 of the Counterclaim. On the contrary, the RCAB asserts that LMC knew full well that there were no applicable aggregates and that its policies covering the RCAB were not exhausted.

14.     The RCAB is without information to opine regarding what LMC knewor had reason to know and denies the remaining assertions contained in paragraph 14 of the Counterclaim or their relevance to this proceeding.

15.     To the extent the allegations in paragraph 15 purport to describe the content of an arrangement between the RCAB and LMC to modify the policies issued by LMC, the RCAB denies that there ever was such an arrangement. There have never been applicable aggregates in any of the policies themselves issued by LMC to the RCAB or agreed upon by the RCAB. To

the extent paragraph 15 purports to describe provisions in the policies issued to the RCAB by LMC, no answer is required since the policies speak for themselves.

16. Paragraph 16 of the Counterclaim contains only legal assertions to which no response is required. To the extent a response is required, the allegations are denied.

17. To the extent paragraph 17 purports to describe provisions in the policies issued to the RCAB by LMC, no answer is required because the policies speak for themselves. To the extent the allegations concern the existence of an arrangement between the parties to modify the explicit terms of the policies, the RCAB explicitly denies that there was ever such an arrangement. To the extent relevant, the RCAB denies all remaining allegations in paragraph 17 of the Counterclaim.

18. To the extent the allegations in paragraph 18 purport to describe an arrangement modifying the terms of the policies issued to the RCAB by LMC, the RCAB denies that there was ever such an arrangement. To the extent paragraph 18 purports to describe the provisions in the actual policies issued by LMC to the RCAB, no answer is required because the policies speak for themselves. The RCAB denies the remaining allegations in paragraph 18 of the Counterclaim.

19. To the extent LMC purports to describe the content of the report issued by the Attorney General, no answer is required because the report speaks for itself. The RCAB denies the relevance of the report to this proceeding. The RCAB denies the remaining allegations in paragraph 19 of the Counterclaim.

20.     LMC purports to describe the content of the report issued by the Attorney General, and therefore no answer is required because the report speaks for itself. The RCAB denies the relevance of the report to this proceeding.

21.     LMC purports to describe the content of the report issued by the Attorney General, and therefore no answer is required because the report speaks for itself. The RCAB denies the relevance of the report to this proceeding.

22.     LMC purports to describe the content of the report issued by the Attorney General, and therefore no answer is required because the report speaks for itself. The RCAB denies the relevance of the report to this proceeding.

23.     The allegations contained in paragraph 23 of the Counterclaim do not define the time period to which they refer, and, therefore, cannot be answered and are irrelevant to this action. To the extent an answer is required, the RCAB denies the allegations contained in paragraph 23 of the Counterclaim, which are inflammatory and contain impertinent and irrelevant remarks.

24.     The allegations contained in paragraph 24 of the Counterclaim are conclusory, vague, ambiguous, and undefined, including as to time.  The RCAB acknowledges that it has records that relate to allegations of sexual abuse.  Except as expressly admitted, the RCAB denies the allegations contained in paragraph 24 of the Counterclaim.

25.     The allegations contained in paragraph 25 of the Counterclaim are conclusory, vague, ambiguous, and undefined, including as to time.  The RCAB acknowledges that it has records that relate to allegations of sexual abuse.  Except as expressly admitted, the RCAB denies the allegations contained in paragraph 25 of the Counterclaim.

26. The RCAB denies the allegations contained in paragraph 26 of the Counterclaim, which are inflammatory and contain impertinent remarks, and which are not claimed to relate to the coverage provided by LMC to the RCAB and are irrelevant.

27. The allegations contained in paragraph 27 of the Counterclaim are conclusory, vague, ambiguous, and undefined, including as to time. The RCAB otherwise denies the allegations contained in paragraph 27 of the Counterclaim.

28. The RCAB demands that the allegations contained in paragraph 28 of the Counterclaim be stricken, as inflammatory and containing impertinent and irrelevant remarks. The RCAB denies the allegations.

29. The RCAB denies the allegations contained in paragraph 29 of the Counterclaim.

30. The RCAB denies the allegations contained in paragraph 30 of the Counterclaim.

31. The RCAB denies the allegations contained in paragraph 31 of the Counterclaim.

32. The RCAB denies the allegations contained in paragraph 32 of the Counterclaim.

33. The RCAB denies the allegations contained in paragraph 33 of the Counterclaim.

34. The RCAB denies the allegations contained in paragraph 34 of the Counterclaim.

35. The RCAB denies the allegations contained in paragraph 35 of the Counterclaim.

36.     The allegations contained in paragraph 36 of the Counterclaim are irrelevant. LMC's coverage had ended in 1983. Further answering, the RCAB denies the remaining allegations contained in paragraph 36 of the Counterclaim.

37.     The RCAB denies the allegations contained in paragraph 37 of the Counterclaim, which are impertinent, contain no time frame, and are not claimed to relate to the coverage provided by LMC to the RCAB.

38.     The RCAB denies the allegations contained in paragraph 38 of the Counterclaim, which are impertinent, contain no time frame, and are not claimed to relate to the coverage provided by LMC to the RCAB.

39.     The RCAB denies the allegations contained in paragraph 39 of the Counterclaim, which are impertinent, contain no time frame, and are not claimed to relate to the coverage provided by LMC to the RCAB.

40.     The RCAB denies the allegations contained in paragraph 40 of the Counterclaim, which are impertinent, contain no time frame, and are not claimed to relate to the coverage provided by LMC to the RCAB.

41.     The RCAB denies the allegations contained in paragraph 41 of the Counterclaim, which are not claimed to relate to the coverage provided by LMC to the RCAB and are irrelevant.

42.     The RCAB denies the allegations contained in paragraph 42 of the Counterclaim, which are not claimed to relate to the coverage provided by LMC to the RCAB and are irrelevant.

43. The RCAB denies the allegations contained in paragraph 43 of the Counterclaim, which are not claimed to relate to the coverage provided by LMC to the RCAB and are irrelevant.

44. The RCAB denies the allegations contained in paragraph 44 of the Counterclaim, which are not claimed to relate to the coverage provided by LMC to the RCAB and are irrelevant.

45. The RCAB denies the allegations contained in paragraph 45 of the Counterclaim, which are not claimed to relate to the coverage provided by LMC to the RCAB and are irrelevant.

46. The RCAB denies the allegations contained in paragraph 46 of the Counterclaim, which are not claimed to relate to the coverage provided by LMC to the RCAB and are irrelevant.

47. The RCAB repeats and incorporates herein its responses to paragraph 1 through 46.

48. The RCAB denies the allegations contained in paragraph 48 of the Counterclaim.

49. To the extent LMC purports to describe the terms of the policies at issue, no answer is required since such policies speak for themselves. To the extent an answer may be required, the RCAB denies the allegations contained in paragraph 49 of the Counterclaim.

50. The allegations contained in paragraph 50 of the Counterclaim constitute a conclusion of law for which no answer is required. To the extent an answer may be required, the allegations contained in paragraph 50 are denied.

51. The allegations contained in paragraph 51 of the Counterclaim constitute a conclusion of law for which no answer is required. To the extent an answer may be required, the allegations contained in paragraph 51 are denied.

52. The RCAB repeats and incorporates herein its responses to paragraph 1 through 51.

53. To the extent paragraph 53 purports to describe the terms of the policies at issue, no answer is required since such policies speak for themselves.

54. The RCAB denies the allegations contained in paragraph 54 of the Counterclaim.

55. The allegations contained in paragraph 55 of the Counterclaim constitute a conclusion of law for which no answer is required. To the extent an answer may be required, the allegations contained in paragraph 55 are denied.

56. The allegations contained in paragraph 56 of the Counterclaim constitute a conclusion of law for which no answer is required. To the extent an answer may be required, the allegations contained in paragraph 56 are denied.

57. The RCAB repeats and incorporates herein its responses to paragraph 1 through 56.

58. The RCAB denies the allegations contained in paragraph 58 of the Counterclaim.

59. The RCAB denies the allegations contained in paragraph 59 of the Counterclaim.

60. The RCAB denies the allegations contained in paragraph 60 of the Counterclaim.

61. The RCAB repeats and incorporates herein its responses to paragraph 1 through 60.

62. The RCAB denies the allegations contained in paragraph 62 of the Counterclaim.

63. The allegations contained in paragraph 63 of the Counterclaim constitute a conclusion of law for which no answer is required. To the extent an answer may be required, the allegations contained in paragraph 63 are denied.

64. The RCAB denies the allegations contained in paragraph 64 of the Counterclaim.

65. The RCAB admits that an actual controversy exists between the parties, and that this Court is vested with the power to declare the rights and obligations of the parties. The RCAB denies the remaining allegations in paragraph 65 of the Counterclaim.

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim, and each count thereof, fails to state a claim against the RCAB upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

LMC is estopped to seek the relief requested.

### THIRD AFFIRMATIVE DEFENSE

LMC has waived any right to seek the relief requested.

### FOURTH AFFIRMATIVE DEFENSE

LMC's claims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by its breaches of policies issued from seeking the relief requested.

### SIXTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by the doctrine of accord and satisfaction.

**SEVENTH AFFIRMATIVE DEFENSE**

The Answer and Counterclaim of LMC are further evidence of its bad faith insurance practices.

**EIGHTH AFFIRMATIVE DEFENSE**

The RCAB hereby puts LMC on notice that the RCAB intends to rely on such further defenses as are developed during the course of this litigation. The RCAB expressly reserves the right to amend this Reply accordingly.

Respectfully submitted,

ROMAN CATHOLIC ARCHBISHOP OF
BOSTON, A CORPORATION SOLE

By its attorneys,

/s/ Paul B. Galvani
Paul B. Galvani (BBO# 183800)
Thomas H. Hannigan, Jr. (BBO# 220420)
Kate Cimini (BBO# 654336)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Dated: May 18, 2004