UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

THE ROMAN CATHOLIC                    )
ARCHBISHOP OF BOSTON,                  )
A CORPORATION SOLE,                    )
                                       )
                Plaintiff,             )
        v.                             )          C.A. 04-10461-DPW
                                       )
LUMBERMENS MUTUAL                      )
CASUALTY COMPANY,                      )
                                       )
                Defendant.             )
_____)

## MOTION FOR ENTRY OF PROTECTIVE ORDER

The Roman Catholic Archbishop of Boston, a Corporation Sole (the "RCAB"),
respectfully moves for the entry of a Protective Order to preserve the confidentiality of
documents being produced to and from the defendant, Lumbermens Mutual Casualty
Company ("LMC") pursuant to discovery obligations in this action.  A proposed order is
attached.  The parties have been unable to agree upon the form of such an order, although
LMC acknowledges that an order is appropriate.

When the parties appeared before the Court at the initial hearing on June 3, the
issue of the sensitive nature of the documents in this litigation was a subject of
discussion.  The Court agreed with counsel for the RCAB that a protective order should
be entered.  At page 18, the Court said the following:

> Now, to the degree we're concerned with privacy interests of victims and others,
> then, you know, a protective order is the way to deal with that.  And that does
> bring me to the suggestion that there will be withholding of documents in the
> initial discovery.  Initial discovery is everything.  You turn over everything
> you've got on this.  If it's sensitive and needs some form of protection, then I'm

<u>sure you can work out a protective order to deal with it</u>.

At page 29, the following exchange occurred:

> MR. GALVANI:  Well, we're going to need a protective order on that.

> THE COURT:  Right.  And you can work that out. I mean, that's not – at this stage, I'm not addressing myself to specific kinds of claims.  And, so, it's not going to be brought to my attention.  <u>But I'll sign off on an appropriate protective order with respect to victims and accused</u> – underlying accused.

Finally, the issue came up yet again at page 49 in connection with the personnel files of

the priests.  The Court said:

> But if there is information concerning similar misconduct by the alleged supervised individual prior to the incident that is the subject of the claim, then I will turn it over or order it to be turned over <u>subject to some form of protective order</u> until we've got some idea of where it leads.

(Emphasis added.)

On June 28, I forwarded a draft confidentiality agreement to John E. Tener,

counsel for LMC.  Attached hereto as Exhibit A is that proposed agreement.  It

contemplated an agreement of the parties to be "so ordered" by the Court.  On June 30, at

5 p.m., Mr. Tener called to report that his client rejected the proposed confidentiality

order, apparently on the ground that it would be "too expensive" to implement.  Mr.

Tener asserted that all that needed to be done is to redact the names of victims.  I said to

Mr. Tener that the confidentiality order needed to be broader, and that the issue was not

so simple.  In addition to names, much other identifying and private information is

contained throughout the files.  I also pointed out that information about the alleged

perpetrators likewise needed to be treated as confidential.  Mr. Tener rejected that notion

and asserted that the names of all of the priests involved are already public and are listed

in a report of the Attorney General.  That contention simply is not true.  While a handful

of names are disclosed in that report, it is a small fraction of the number of priests accused of misconduct.  The documents that have been produced today and will be produced in the future contain extensive information of a very personal nature.  It is not simply names that need to be treated as confidential, it is the body of the information as well.  The Court can always determine at a later date whether any particular document is admissible as evidence.  In the meanwhile, however, the confidentiality of the material ought to be protected.

During yesterday's telephone call, I suggested to Mr. Tener that he redraft the proposed agreement so that it would be acceptable to his client and send it to me for my consideration.  He refused to do so, and, instead, asserted that I should redraft my proposed confidentiality agreement to adopt his client's simplistic and inadequate position.  I declined.  It certainly is not incumbent upon the RCAB to attempt to divine the terms of a protective order that LMC will find acceptable, simply because LMC's lawyer is unwilling to do his own client's work.  Unfortunately, as a result, we must now call upon the Court to resolve the matter and to enter an appropriate form of confidentiality order over the objection of LMC.  The attached proposed protective order is based upon a standard form that has been used in other matters.  It is simply a markup of the proposed confidentiality agreement that has been modified to reflect that it is not by agreement.  While compliance obviously entails some level of effort by the parties, such effort is inherent in the process.  It is equally burdensome on both parties.  Accordingly, the RCAB respectively requests that the Court enter the attached protective order.

RESPECTFULLY SUBMITTED,

THE ROMAN CATHOLIC
ARCHBISHOP OF BOSTON,
A Corporation Sole,

By its attorneys,


/s/ Paul B. Galvani _____
Paul B. Galvani
(BBO #183800)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110

Dated:  July 1, 2004

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

As set forth in the Motion, I discussed the form of Confidentiality Order with John E. Tener on June 30, 2004.  We were unable to agree.


_/s/ Paul B. Galvani_____
Paul B. Galvani