**Galvani, Paul B.**

| | |
|---|---|
| **From:** | Galvani, Paul B. |
| **Sent:** | Monday, June 28, 2004 2:26 PM |
| **To:** | Tener, John E. |
| **Subject:** | aob-028_draft confidentiality order.DOC |

John,
Here is a draft Confidentiality Order. I suggest that the parties agree to be bound by this order, pending its approval by the court. (There may be a delay in his getting to it.)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THE ROMAN CATHOLIC ARCHBISHOP OF BOSTON, A CORPORATION SOLE, | ) ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | No. 04-10461-DPW |
| LUMBERMENS MUTUAL CASUALTY COMPANY, | ) ) ) | ) |
| Defendant. | ) ) | |

**CONFIDENTIALITY AGREEMENT**

The Roman Catholic Archbishop of Boston, a Corporation Sole, and the Lumbermens Mutual Casualty Company (each a "Party" and collectively the "Parties") hereby agree that the following procedures shall govern the production and exchange of all documents, interrogatory responses, answers to request to admit, deposition testimony (or portion thereof), and other information ("Discovery Material") produced in connection with the above-captioned action (the "Action"):

1. The Parties hereto recognize and acknowledge that, in the course of this litigation, each may be required to disclose or provide to the other information that it or an individual to which the underlying information refers regards as confidential. Accordingly, the parties seek, pursuant to this Confidentiality Agreement (the "Agreement"), to establish a procedure for handling and protecting from

*Exhibit "A"*

7/1/2004

unauthorized disclosure such confidential information.

2. Any Party may designate as confidential any Discovery Material that such party in good faith considers to contain or reflect information that is confidential or is made confidential by agreement or otherwise ("Confidential Discovery Material"). Any document or discovery response designated as Confidential Discovery Material shall be done so by marking the relevant page(s) "CONFIDENTIAL" or as otherwise set forth herein. Any testimony designated as Confidential Discovery Material shall be done so by making a statement to that effect on the record. If a party inadvertently fails to designate a document, discovery response or deposition testimony as confidential, it shall be treated as confidential from the time when the counsel for the party advises counsel of record for the opposing party in writing of such designation so long as such belated designation is made within 30 days of the original disclosure.

3. All Confidential Discovery Material produced in connection with the Action shall be used by the Party to whom the information is produced solely for the purpose of the Action, and except as set forth herein, shall not be disclosed to any person by the other Party and shall not be used by the other Party for any other purposes whatsoever, including, but not limited to, business, governmental, or media purposes, or in any other administrative or judicial proceedings.

4. Except with prior written consent of the other Party, or upon prior order (obtained upon notice to opposing counsel) of the Court in which the Action is pending (the "Court"), Confidential Discovery Material shall not be disclosed to any person other than:

   a) Counsel to the Parties and such clerical, paralegal and secretarial staff regularly employed by such counsel and necessary for the preparation or trial of this matter;

   b) Any individual who authored or previously received the Confidential Discovery Material;

   c) Any expert or consultant retained by counsel in connection with this matter to the extent necessary for such expert or consultant to prepare an opinion; to prepare to testify; or to assist counsel in the prosecution or defense of the matter, provided, however, that such expert or consultant: (i) is advised in advance of the terms of this order and further advised that violation of its terms may be punishable by contempt; (ii) is given a copy of this order; and (iii) agrees in writing to be bound thereby. The counsel of record who imparts such material to any expert or consultant hereunder shall retain copies of these written agreements by the said expert or consultant until such time as counsel shall make and deliver the certification of compliance in accordance with Paragraph 10, infra;

    d)        Any officers, directors or employees of a party to whom the knowledge of such material is necessary for the proper preparation and trial of this case provided, however, that such persons are: (i) advised in advance of the terms of this order and further advised that violation of its terms may be punishable by contempt; (ii) given a copy of this order; and (iii) agree in writing to be bound thereby. The counsel of record who imparts such confidential information shall retain copies of these written agreements of said officers, directors or employees of a party until such time as counsel shall make and deliver the certification of compliance in accordance with Paragraph 10, infra; and

    e)        The Court, including Court personnel, as set forth herein in paragraph 6.

5.        A deponent may, during the deposition, be shown and examined about Confidential Discovery Material if the material was designated as confidential by the party employing the deponent, or the deponent already knows the confidential information, and the deponent (i) is advised in advance of the terms of this order and further advised that violation of its terms may be punishable by contempt; (ii) is given a copy of this order; and (iii) agrees in writing to be bound thereby. Deponents shall not retain or copy portions of the transcript of their depositions that contain Confidential Discovery Material not provided by them or the entities they represent unless they agree in writing, as set forth above, to be bound by this order. The counsel of record who imparts such material to any deponent hereunder shall retain copies of the deponent's written agreement until such time as counsel shall make and deliver the certification of compliance in accordance with Paragraph 10, infra.

6.        Confidential Discovery Material may be filed with the Clerk by either party only upon Court approval of a motion for impoundment consistent with Local Rule 7.2. Upon approval of a motion for impoundment, confidential materials shall only be filed with the Clerk in a sealed envelope bearing the caption of this action and a statement substantially in the following form:

CONFIDENTIAL

This envelope contains materials that are subject to an impoundment Order entered by the Court in this action. These materials shall not be available for public inspection except by Order of the Court.

7.        Each Party shall have the right to designate as "Confidential" under the terms of this Agreement any Discovery Material produced by a non-party in response to a subpoena issued in this litigation, within thirty (30) days after the Party receives such Discovery Material. During the thirty (30) days following receipt of the Discovery Material from a non-party, all Discovery Material received, and

7/1/2004

the information contained therein, will be deemed to be "Confidential" in their entirety under the terms of this Agreement.

8. The attorneys of record are responsible for employing reasonable measures to control, consistent with this order, duplication of, access to, and distribution of copies of Confidential Discovery Material. Counsel for either Party may request at any time that counsel for the other Party certify in writing compliance with the requirement for the written agreements referenced supra, and those written agreements shall be produced upon demand in support of the said certification.

9. If a Party contends that any material designated as Confidential is not entitled to treatment as such, the Party may at any time give written notice to the Party who designated the material as Confidential Discovery Material, stating the objection as to its designation. If the Parties are then unable to resolve the objection within seven (7) days of the date of the written notice, any Party may move the Court to do so. Until the Court rules on any such motion, the material shall continue to be treated as Confidential Discovery Material under the terms of this Agreement. In any court proceeding regarding Confidential Discovery Material, the Party contending that the material is Confidential has the burden of establishing that the material is entitled to protection as Confidential Discovery Material under the terms of this Agreement.

10. The provisions of this Agreement restricting the communication or use of Confidential Discovery Material shall not terminate at the conclusion of this Action. Within forty-five (45) days after final conclusion of all aspects of this litigation, all Confidential Discovery Material, all Confidential – For Attorney's Eyes Only Discovery Material, and all copies of same (other than exhibits of record), and all notes, compilations, photographs, memoranda, sketches, or other materials (other than attorney work product and attorney-client communications) which refer to or reflect Confidential Discovery Material and Confidential Discovery Material shall be returned to the party, counsel or person who produced such documents or information, or be destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel of the party who produced the documents not more than sixty (60) days after final termination of this litigation.

11. The Parties shall confer with respect to the procedures for handling Confidential Discovery Material at trial in the course of their final pretrial preparations, and the Court may enter

7/1/2004

orders for the handling of such material at trial.

12. Nothing in this Order shall prevent any Party, counsel or other person from seeking modification or from objecting to discovery that it believes to be otherwise improper.

13. The Parties herein acknowledge and stipulate that any breach of this Agreement constitutes irreparable harm and that injunctive relief is the appropriate remedy (along with damages) for such breach. Further, the Parties acknowledge and agree that since this Agreement is being entered as an order of the Court, its breach or violation also constitutes a contempt of the Court.

14. Notwithstanding the above paragraphs, if any Party (or counsel for any Party) receives a subpoena or other compulsory process demanding Confidential Discovery Material of the other Party, the Party or counsel that has received the subpoena or process shall give notice to the other Party and its counsel at least fourteen (14) days prior to the return date of the subpoena or other compulsory process, or, if the subpoena or other compulsory process has a return date of less than fourteen (14) days, notice shall be given to the other Party in writing or by telephone as soon as possible but in no event later than 72 hours prior to the return date. Absent court order to the contrary, the Party or counsel subject to the subpoena or other compulsory process may produce the requested information, document, or material on the return date.

7/1/2004

| | |
|---|---|
| THE ROMAN CATHOLIC ARCHBISHOP OF BOSTON, A CORPORATION SOLE | LUMBERMENS MUTUAL CASUALTY COMPANY |
| By its attorneys, | By its attorneys, |
| _____ | _____ |
| Paul B. Galvani<br>Thomas H. Hannigan, Jr.<br>Kate Cimini<br>Ropes & Gray LLP<br>One International Place<br>Boston, MA 02110-2624<br>(617) 951-7000 | John E. Tener<br>Michael D. Lurie<br>Brian P. McDonough<br>Robinson & Cole LLP<br>One Boston Place<br>Boston, MA 02108<br>(617) 557-5900 |

Dated: June     , 2004

SO ORDERED BY THE COURT:

_____
Douglas P. Woodlock, J.

Dated:

7/1/2004