UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THE ROMAN CATHOLIC ARCHBISHOP
OF BOSTON, A CORPORATION SOLE,

        Plaintiff,

v.

LUMBERMENS MUTUAL CASUALTY
COMPANY,

        Defendant.

Civil Action No. 04-10461-DPW

**OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

    Lumbermens Mutual Casualty Company ("LMC") respectfully submits this opposition to plaintiff's Motion for Protective Order. The order proposed by the Roman Catholic Archbishop of Boston ("RCAB") is inappropriate because it fails to define what documents or testimony may be identified as confidential. It does not limit to "Confidential Materials" to those materials that identify the "names" and "other identifying and private information" of the victims and the accused employees of the RCAB; although the RCAB concedes in its motion that these are the only materials to which an appropriate confidentiality order would apply.[1] Rather, the protective order proposed by the RCAB simply states that "[a]ny Party may designate as confidential and Discovery Material that such party in good faith considers to contain or reflect information that is confidential . . . ." LMC submits that in lieu of this overbroad delineation of potentially protected material, the protective order be limited to "any Discovery Material that such party

---

[1] *See* the RCAB's Motion for Protective Order, p. 2: In response to the suggestion of Mr. Tener, counsel for LMC, that the confidentiality order be limited to the protection of the identity of the RCAB's victims, "I [Attorney Galvani] said to Mr. Tener that the confidentiality order needed to be much broader, and that the issue was not so simple. In addition to the names, much other identifying and private information is contained throughout the files."

BOST1-831716-1

in good faith considers to contain or reflect information that identifies any person who claims to be a victim of sexual abuse or molestation by the RCAB."[2]

During their discussion of the RCAB's proposed protective order, counsel for LMC informed counsel for the RCAB that if this single issue were addressed, the proposed protective order would be acceptable. Counsel for the RCAB insisted on a protective order that extended to discovery materials relating to the priests and other RCAB personnel accused of sexually abusing children. LMC does not believe that the identity of the accused priests is a confidential matter as their identity has been disclosed in the lawsuits filed by the victims, in *The Sexual Abuse of Children in the Roman Catholic Archdiocese of Boston: A Report by the Attorney General*, and in innumerable newspapers and other journalistic media. Nevertheless, if there are any members of the clergy or any other employees of the RCAB whose identity has not previously been made a matter of the public domain, either through a civil action, a criminal action, the report of the Massachusetts Attorney General or through some other media, **and** the RCAB can articulate a valid basis for withholding the identity of those individuals from the public, LMC would not be opposed to extending the protective order in that limited fashion. The RCAB has failed to inform LMC of any priest or other accused person whose identity is not already a matter of public record.[3] The RCAB has also failed to articulate why the identity of any priest or other accused person should be subject to a confidentiality order and in its motion simply contends that "information about the alleged perpetrators likewise needed to be treated as confidential."

---

[2] A red-lined version of the protective order proposed by the RCAB, which reflects this revision, is attached at Ex. A to this opposition. This is the only revision that LMC believes is required to establish an appropriate protective order for this case.

[3] While the RCAB has not indicated that it is seeking to protect the identity of priests or other RCAB personnel who were falsely accused of sexually abusing or molesting children, LMC recognizes that this would be an appropriate subject of a confidentiality order.

The protective order proposed by the RCAB utterly fails to define the subject of the documents or testimony that may be identified as confidential. The limited revision proposed by LMC cures that deficiency and, accordingly, should be implemented through this Court's order.

        Respectfully submitted,

        **LUMBERMENS MUTUAL CASUALTY COMPANY**

        By its attorneys,

        ROBINSON & COLE LLP

        */s/ Anthony R. Zelle*

        John E. Tener, BBO No. 563791
        Mary L. Cataudella, BBO No. 553350
        Anthony R. Zelle, BBO No. 548141
        Brian P. McDonough, BBO No. 637999
        Robinson & Cole LLP
        One Boston Place
        Boston, Massachusetts 02108
        (617) 557-5900

Dated: July 7, 2004