UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

THE ROMAN CATHOLIC ARCHBISHOP
OF BOSTON, A CORPORATION SOLE,

        Plaintiff,

v.

LUMBERMENS MUTUAL CASUALTY
COMPANY,

        Defendant.

Civil Action No. 04-10461-DPW

---

## LUMBERMENS MUTUAL CASUALTY COMPANY'S
## MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Lumbermens Mutual Casualty Company ("LMC") hereby moves this Court to compel the Roman Catholic Archbishop of Boston, A Corporation Sole ("RCAB"), to produce certain documents withheld pursuant to its designation of same as privileged and/or subject to the work product doctrine. In doing so, LMC emphasizes that the purpose of the Phase I discovery directed by this Court is to enable it to adjudicate the insurance arrangement between LMC and the RCAB. While proof as to the existence of policies and their terms and conditions is of import, it is not of sole import. Equally essential is proof as to the parties' understanding as to how any such policies would apply. Critical to this showing are any and all documents, from whatever source, which evidence the "state of mind" of the respective parties, and the evolution of same.

Bearing the foregoing in mind, LMC states as follows:

A.  **RCAB's Privilege Log Fails to Establish that Privilege Attaches to the Withheld Documents**

Fed. R. Civ. P. 45(d)(2) "requires a party resisting disclosure to produce a document index or privilege log." In Re Grand Jury Subpoena, 274 F.3d 563, 575 (1st Cir. 2001). Furthermore, Fed. R. Civ. P. 26(b)(5) establishes the procedure a party must follow when objecting to discovery on the basis of a claim of privilege:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged . . . the party shall make the claim expressly and shall describe the nature of the documents . . . not produced or disclosed in a manner that will enable other parties to assess the applicability of the privilege or protection.

In attempting to satisfy these requirements, the RCAB has produced a document entitled "RCAB Privilege Log" (hereafter, the "Log").[1] The Log is a staggering 300-plus pages, and roughly estimated, designates 5,000 to 10,000 separate documents as privileged. Furthermore, it asserts a variety of bases for withholding: attorney-client privilege; work product doctrine; joint interest, or joint defense, privilege; and religious comfort and healing, or priest-penitent, privilege.[2]

As this Court undoubtedly is aware, "the indispensable requirement of a privilege log remains that it must contain enough information to permit the party seeking discovery *and the court* to 'assess the applicability of the privilege or protection.'" Allmerica Financial Corp. v. Certain Underwriters at Lloyd's London, 17 Mass. L. Rep 665; 2004 Mass. Super LEXIS 182, *8 (Mass. Sup. Ct 2004), quoting Fed. R. Civ. P. 26(b)(5) (emphasis supplied).[3] In order to

---

[1] A true and accurate copy of the Log is attached hereto as Exhibit A.

[2] As it is inconceivable that documents relating to the subject matters previously identified by this Court as Phase I discovery have been withheld pursuant to a religious comfort and healing and/or priest-penitent privilege, at this time LMC does not challenge the sufficiency of the Log's assertion of same. LMC expressly reserves its right to do so upon the initiation of Phase II discovery.

[3] A true and accurate copy of this opinion is attached hereto as Exhibit B.

satisfy the requirement, the party asserting a privilege or the work-product doctrine must provide "sufficient information to enable the [opposition] and the Court to determine whether *each element of the asserted objection is justified.*" *See, e.g.,* Atteberry v. Longmont United Hosp., 221 F.R.D. 644, __, *12 (D. Colo. 2004) (emphasis supplied)[4]; *see also,* Jones v. The Boeing Co., 167 F.R.D. 15, 17 (D. Kan. 2004) ("a failure of proof as to any element of the privilege causes the claim or privilege to fail"). As the Court's review shall readily reveal, the Log patently fails to provide sufficient information to establish each element of the various privileges or the work product doctrine. Consequently, it fails to establish the propriety of the document withholdings.

1. **Attorney-Client Privilege**

The attorney-client privilege applies if:

(1) the asserted holder of the privilege sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney is informed (a) by the client; (b) without the presence of strangers; (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

United States v. United Shoe Machinery Corp., 89 F. Supp. 357, 358-59 (D. Mass. 1950).

Bearing the requisite elements in mind, review of the Log demonstrates that the RCAB "erroneously assumes that the requirement of client communicated confidentiality is satisfied merely because the documents are communications between a client and attorney." State of Maine v. United States Dep't of the Interior, 298 F.3d 60, 71 (1st Cir. 2002). To the contrary, it is well settled that "the attorney-client privilege 'does not allow the withholding of documents simply because they are the product of an attorney-

---

[4] Reporter pagination is not yet available for this June 2004 opinion.

client relationship . . . . It must be demonstrated that the information *is confidential.*'"
Id. at 71-2, quoting Mead Data Central, Inc. v. United States Dep't of Air Force, 566 F.2d 242, 253 (D.C. Cir. 1977) (emphasis supplied); *see also*, Savoy v. Richard A. Carrier Trucking, Inc., 178 F.R.D. 346, 350 (D.Mass. 1998) ("[s]trictly construed, the privilege applies 'to a confidential communication from an attorney to a client, but only if that information is based on confidential information provided by the client.'"), quoting Mead Data Central, Inc., 566 F.2d at 254.

Simply put, the RCAB's Log fails to establish that documents withheld upon the basis of attorney-client privilege actually comprise confidential information. Instead, as with the index at issue in State of Maine, the Log merely sets forth "the names of the individual or individuals preparing each document withheld, the recipient, the claimed privilege, a general description of the document, and the date." 298 F.3d at 72. Under such circumstances, as a matter of law, the RCAB has "simply failed to demonstrate that the withheld documents contain or relate to information that the client intended to keep confidential and it thus [has] failed to establish an essential element of the privilege." Id.

### 2. **Work-Product Doctrine**

The work product doctrine protects the following: (1) a document or tangible thing, (2) which was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by or for a party's representative. Colonial Gas Co. v. Aetna Casualty & Assurety Co., 144 F.R.D. 600, 604-5 (D.Mass. 1992), citing Pasteris v. Robillard, 121 F.R.D. 18, 20 (D. Mass. 1988). With regard to proof of the second element—i.e., that a withheld document had been prepared in anticipation of litigation—the First Circuit holds "that documents should be deemed prepared for litigation . . . if . . . 'the document can be

4

fairly said to have been prepared or obtained *because of* the prospect of litigation.'" State of Maine, 298 F.3d at 68, quoting United States v. Aldman, 134 F.3d 1194, 1202 (2d Cir. 1998) (emphasis supplied),

That said, in State of Maine the First Circuit also concluded that the privilege index at issue was inadequate for the purpose of establishing that documents withheld upon assertion of the work product doctrine, had been prepared *because of* litigation. Specifically, the Court instructed:

> The mere relation of documents to litigation does not automatically endow those documents with privileged status. The burden was on [the withholding party] to make the correlation between each withheld document and the 'litigation for which the document was created.'[5]

State of Maine, 298 F.3d at 69.

The RCAB's Log similarly fails to carry this burden. At best, it demonstrates the "mere relation" of withheld documents to litigation or anticipated litigation (*see, e.g.*, every entry on the first page of the Log, each describing the withheld document as simply "re" a "claim"). At worst, it evidences no relation at all between withheld documents and any particular litigation or anticipated litigation (*see, e.g.*, fourth entry on second page of the Log which simply describes the withheld document as "Memo"). In any event, in no instance does it make the necessary showing that documents withheld pursuant to the work-product doctrine were prepared *because of* any particular litigation or anticipated

---

[5] Unlike the captioned action, the State of Maine case concerns document requests pursuant to the Freedom of Information Act ("FOIA"). More specifically, State of Maine involves "claims that 5 U.S.C. § 552(b)(5) ("Exemption 5"), which exempts from disclosure 'inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency,' shields from disclosure the documents at issue." 298 F.3d at 66. The difference is without significance. The Supreme Court has expressly instructed "that Exemption 5 'exempts those documents, *and only those documents, normally privileged in the civil discovery context.*'" Id. at 67, quoting NLRB v. Sears Roebuck & Co., 421 U.S. 132, 149 (1975). As such, the analysis concerning whether documents have been properly withheld is precisely the same.

litigation. As such, the RCAB has failed to establish a necessary element for asserting the doctrine.

### 3.     Joint Interest, or Joint Defense, Privilege

The "joint defense" privilege, sometimes called the "common interest" or "community of interest" rule, is not an independent privilege. Rather, it is an exception to the general rule that no privilege attaches to communications that are made in the presence of or disclosed to a third party. *See, e.g.,* In re Grand Jury Proceedings, 961 F.2d 65, 69 (5th Cir. 1992) (holding that the joint defense privilege preserved the attorney-client privilege against waiver in the context of a group with common interests seeking common representation). In essence, the joint defense privilege merely "extends the attorney-client privilege to communications made in the course of joint defense activities."). In re LTV Securities Litigation, 89 F.R.D. 595, 604 (N.D. Tex. 1981).

Thus, applicability of the attorney-client privilege is a necessary predicate to asserting the joint defense privilege. As previously discussed, the RCAB's Log fails to establish that the documents withheld actually comprise confidential information as necessary to invoking the attorney-client privilege. Consequently, it also fails to establish a necessary element for invoking the joint defense privilege.

### B.    Consequence of RCAB's Failure to Establish Applicability of the Asserted Privileges

The failure to provide a sufficient privilege log amounts to a waiver of the privileges asserted, and requires production of the withheld documents. *See,* State of Maine, 298 F.3d at 73 (affirming, in relevant part, district court's order compelling production of documents withheld pursuant to inadequate showings of privilege); In re Grand Jury Subpoena, 274 F.3d at 576, citing Dorf & Stanton Communications, Inc. v. Molson Breweries, 100 F.3d 919, 923 (Fed. Cir.

1996) (holding that failing "to provide a complete privilege log demonstrating sufficient grounds for taking the privilege" waives the privilege). Nevertheless, at present, LMC only requires the production of those documents concerning (i.e., "referring to, describing, evidencing, or constituting"[6]) information relevant to those subject matters previously identified by this Court for Phase I discovery.

As the Court noted during its Rule 16.1 conference, Phase I discovery is intended to develop the information required to adjudicate the issues pertaining to the existence of policies and the terms and conditions of policies issued by LMC to the RCAB. Insofar as there are documents that reflect the RCAB's efforts to locate policies, communications relating to the existence of policies, their terms, and in particular, the applicability of aggregate limits, this information is critical to the Phase I issues that the RCAB contends may be resolved as a matter of law on a motion for summary judgment.

---

[6] *See*, Local Rule 26.5, Uniform Definitions.

**Wherefore**, for all of the foregoing reasons, LMC request that this Court order the RCAB to produce all withheld documents concerning information relevant to those subject matters previously identified by this Court for Phase I discovery.

                    Respectfully submitted,

                    LUMBERMENS MUTUAL CASUALTY COMPANY

                    By its attorneys,
                    ROBINSON & COLE LLP

                    _s/ Brian P. McDonough_
                    John E. Tener, BBO No. 563791
                    Mary L. Cataudella, BBO No. 553350
                    Anthony R. Zelle, BBO No. 548141
                    Brian P. McDonough, BBO No. 637999
                    Robinson & Cole LLP
                    One Boston Place
                    Boston, Massachusetts 02108
                    (617) 557-5900

August 16, 2004

## Local Rule 7.1(A)(2) Certificate

I, Brian P. McDonough, attorney for defendant Lumbermens Mutual Casualty Company in the above captioned matter, hereby certify that on August 13, 2004, I conferred with counsel for the plaintiff regarding the subject of the within motion and that we attempted in good faith to resolve or narrow the issues raised by the instant motion.

                    /s/
                    Brian P. McDonough