**EXHIBIT B**

Source: Legal > States Legal - U.S. > Massachusetts > Cases > MA Federal & State Cases, Combined [i]
Terms: "privilege log" /s must  (Edit Search)

✦Select for FOCUS™ or Delivery

*17 Mass. L. Rep. 665; 2004 Mass. Super. LEXIS 182, ***

Allmerica Financial Corporation et al. v. Certain Underwriters at Lloyd's London who are members of Syndicates 1212, 435, 1173, 1207, and 623

2002-2075

SUPERIOR COURT OF MASSACHUSETTS, AT WORCESTER

17 Mass. L. Rep. 665; 2004 Mass. Super. LEXIS 182

May 19, 2004, Decided
May 21, 2004, Filed

**DISPOSITION:** Memorandum in support of supplemental motion to compel allowed. Plaintiff ordered to produce requested documents or submit privilege logs that meet stated requirements.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant insurer filed a motion to compel plaintiff insured to produce documents in the insured's action to recover costs incurred in defending and eventually settling a lawsuit.

**OVERVIEW:** The insured brought an action against the insurer to recover costs incurred in defending and eventually settling a class action lawsuit in federal court. The insurer had declined to reimburse the insured on the ground that certain policy exclusions applied to the insured's claim. The insurer filed a motion to compel the production of documents withheld by the insured. The insurer objected to the privilege log submitted by the insured. The court held that the privilege log submitted by the insured was not adequate. The documents that the insured was withholding were not identified individually or with sufficient particularity to enable the insurer or the court to ascertain the applicability of any privilege.

**OUTCOME:** The court allowed the insurer's motion to compel the production of documents. The insured was directed to produce the documents requested by the insurer within 30 days or submit privilege logs that met the requirements.

**CORE TERMS:** log, discovery, memorandum, withholding, withheld, recipient, production of documents, privileged, applicability, resisting, addressee, tab, claim of privilege, documents relating, civil procedure, general rule, correspondence, attorney-client, particularity, assess, policy of insurance, civil action

### LexisNexis(R) Headnotes ◆ Hide Headnotes

Civil Procedure > Disclosure & Discovery > Relevance
Civil Procedure > Disclosure & Discovery > Privileged Matters
*HN1* Discovery is permitted of any matter, not privileged, that is relevant to the subject matter involved in the pending action. Mass. R. Civ. P. 26(b)(1). This furthers the

bedrock principle of Massachusetts civil practice that mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. <u>More Like This Headnote</u>

<u>Civil Procedure</u> > <u>Discovery Methods</u> > <u>Requests for Production & Inspection</u>

*HN2*When a party serves a Request for Production of Documents on another party under Mass. R. Civ. P. 31, the responding party must state with respect to each item or category that it will comply or, if not, the reasons for objection shall be stated. Mass. R. Civ. P. 34(b). The Massachusetts Rules of Civil Procedure do not expressly impose on the party withholding documents any additional obligation. Nonetheless, the use of **privilege logs** by parties withholding documents in this context is a common feature of Massachusetts discovery practice. <u>More Like This Headnote</u>

<u>Civil Procedure</u> > <u>Disclosure & Discovery</u> > <u>Privileged Matters</u>

*HN3*The use of a **privilege log** is consistent with the framework of Mass. R. Civ. P. 26 and 24, which effectively place on the party resisting discovery the burden of demonstrating a valid basis for withholding the documents or other things sought in discovery. <u>More Like This Headnote</u>

<u>Civil Procedure</u> > <u>Disclosure & Discovery</u> > <u>Privileged Matters</u>

*HN4*Despite the fact that the Massachusetts Rules of Civil Procedure do not expressly require a party resisting discovery on grounds of privilege to utilize a **privilege log,** based on the evolving Massachusetts practice and the more settled federal practice, it is appropriate for a court to require its use. <u>More Like This Headnote</u>

<u>Civil Procedure</u> > <u>Disclosure & Discovery</u> > <u>Privileged Matters</u>

*HN5*In the federal system, a party withholding documents based on a claim of privilege has the additional responsibility to describe the nature of the documents in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection. <u>Fed. R. Civ. P. 26(b)(5)</u>. In some cases, local federal rules go even further and require the party withholding documents based on a claim of privilege to specify (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other. <u>More Like This Headnote</u>

<u>Civil Procedure</u> > <u>Disclosure & Discovery</u> > <u>Privileged Matters</u>
<u>Civil Procedure</u> > <u>Discovery Methods</u> > <u>Requests for Production & Inspection</u>

*HN6*In assessing the adequacy of a **privilege log** submitted by a party resisting the discovery of documents sought pursuant to Mass. R. Civ. P. 34, a court **must** be mindful that a privilege, such as the work-product rule or the attorney-client privilege, does not exist simply because a party asserts it. The primary purpose of providing a privilege log is to give the party challenging the privilege sufficient information to determine if assertion of the privilege is valid. A privilege log should include a general description of the documents, its date, the identities of the preparers and the recipients of any withheld document, the particular privilege being asserted, and the statement as to the bases for assertion of the privilege. <u>More Like This Headnote</u>

<u>Civil Procedure</u> > <u>Disclosure & Discovery</u> > <u>Privileged Matters</u>

HN7⊥As a general rule, a privilege log should include a list of individual documents accompanied by the date of each document, its author, the addressee or recipient, a description of its contents sufficient to describe its character as privileged, and the particular privilege asserted. In keeping with the view of the drafters of the federal rules, this general rule is not hard and fast and some flexibility is permitted when the character of a group or category of documents as privileged is evident. However, the indispensable requirement of a **privilege log** remains that it **must** contain enough information to permit the party seeking discovery and the court to assess the applicability of the privilege or protection. More Like This Headnote

**JUDGES: [*1]** Peter W. Agnes, Jr., Justice of the Superior Court.

**OPINIONBY:** Peter W. Agnes, Jr.

**OPINION:** *MEMORANDUM AND ORDER*

1. Introduction

This is a civil action in which the plaintiffs seek Declaratory Judgment and damages of more than 39 million dollars for breach of contract under a policy of insurance issued by the defendant (Policy number FD971641). Plaintiff Allmerica seeks to recover the costs it incurred in defending and eventually settling a class action lawsuit in federal court (the so-called "Bussie Class Action"). The defendant declines to reimburse Allmerica under the policy on grounds that certain exclusions from coverage apply to Allmerica's claim.

2. Background

The present dispute relates to the defendant's supplemental motion to compel the production of documents withheld by the plaintiffs (paper No. 16). It appears that on or about October 30, 2003, the defendant served a motion on plaintiff Allmerica to compel the production of 130 documents. After an unsuccessful Superior Court Rule 9C conference, the parties agreed to continue the hearing on that motion to enable the current motion to be filed. A third request for production of documents was served by the defendant on **[*2]** Allmerica on November 12, 2003. The defendant seeks several categories of documents including insurance applications during the time frame 1990 to the present. For example, the defendant's third request is for "all applications for insurance made by Allmerica from January 1, 1990 to the present." The defendant maintains that Allmerica would have disclosed and characterized certain pending litigation in these applications during this period and such information is relevant to the application of an exclusion in the policy of insurance involved in this case relating to prior claims. The defendant also seeks documents relating to Allmerica's negotiations in the cases that were settled. Allmerica responded to this request on December 17, 2003 with general objections but an indication that it would provide copies of non-privileged documents. See tab A to Defendant's Memorandum in Support of its Supplemental Motion. Thereafter, on January 26, 2004, Allmerica supplied the defendant with a Privilege Log for the documents it was withholding. See tab B to Defendant's Memorandum in Support of its Supplemental Motion. That log simply identifies fourteen categories of documents relating to two lawsuits **[*3]** in terms of two general categories--"Type of Document" and the "Basis of Privilege." For example, under "Type of Document" there is an entry that reads as follows: "Correspondence Between Allmerica attorneys and Allmerica regarding the Bussie class action," and under "Basis of Privilege" there is an entry as follows: "Attorney-Client privilege and Attorney Work Product Doctrine." A complete copy of the Allmerica privilege log is contained in Appendix A to this Memorandum and Order. The defendant makes the same claims with respect to two other plaintiffs who have filed similar privilege logs.

### 3. Issue

The defendant objects to the Privilege Log submitted by Allmerica on grounds that it does not separately list the documents that Allmerica seeks to withhold, omits any Bates ranges, dates of documents, particular description of documents and the authors and recipients of the documents. Further the defendant objects because Allmerica fails to disclose any correspondence between the documents withheld and particular document requests. The plaintiff Allmerica responds by stating that the Privilege Log is adequate because it provides a reasonably detailed description of what is being **[*4]** withheld and there are a voluminous number of documents that would make a further specification unduly burdensome.

### 4. Role of a Privilege Log When a Party Resists Discovery

*HN1*Discovery is permitted of "any matter, not privileged, which is relevant to the subject matter involved in the pending action . . ." Mass.R.Civ.P. 26(b)(1). This furthers the bedrock principle of Massachusetts civil practice that "mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Atlas Tack Corp. v. Donabed*, 47 Mass.App.Ct. 221, 224, 712 N.E.2d 617 (1999); *accord, Hickman v. Taylor*, 329 U.S. 495, 501, 91 L. Ed. 451, 67 S. Ct. 385 (1947). *HN2*When a party serves a Request for Production of Documents on another party under Mass.R.Civ.P. 31, the responding party "must state with respect to each item or category" that it will comply or, if not, "the reasons for objection shall be stated." Mass.R.Civ.P. 34(b). Our rules of civil procedure do not expressly impose on the party withholding documents any additional obligation. Nonetheless, the use of privilege logs by parties withholding documents in this context is a common feature of Massachusetts discovery practice. **[*5]** See Lauriat, McChesney, Gordon & Rainer, Discovery § 5.16 at 231 (49 Mass. Prac. 2001) (hereafter, "Discovery"). *See, e.g., Buster v. Moore, Inc.*, 438 Mass. 635, 653, 783 N.E.2d 399 (2003) (in upholding trial judge's determination that certain withheld documents were covered by a privilege the court observed that "the judge relied on a detailed and item-by-item description of the documents in the Duffys' privilege log, as well as on an affidavit of the Duffys' in-house counsel, which provided further particularities with respect to the documents, to determine that they did concern legal work"). *HN3*The use of a privilege log is consistent with the framework of rules 26 and 24 of the Massachusetts Rules of Civil Procedure which effectively place on the party resisting discovery the burden of demonstrating a valid basis for withholding the documents or other things sought in discovery. See *Guevara v. Medical Professional Mut. Ins.*, Middlesex Superior Court Civil No. 01-4354 (September 16, 2003) (Lauriat, J.) (16 Mass. L. Rptr. 654); *Harris v. Steinberg*, 1997 Mass. Super. LEXIS 559, Suffolk Superior Court Civil No. 95-1373G (February 10, 1997), 1997 WL 89164, 6 Mass. L. Rptr. 417 (Doerfer, **[*6]** J.). *HN4*Despite the fact that our rules of civil procedure do not expressly require a party resisting discovery on grounds of privilege to utilize a privilege log, based on the evolving Massachusetts practice and the more settled federal practice, it is appropriate for this court to require its use. See *Buster v. Moore, Inc.*, 438 Mass. 635, 653, 783 N.E.2d 399 (2003) ("in general, discovery matters are committed to the sound discretion of the trial judge").

### 5. Required Contents of a Privilege Log

*HN5*In the federal system, a party withholding documents based on a claim of privilege has the additional responsibility to "describe the nature of the documents . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed.R.Civ.P. 26(b)(5). In some cases local federal rules go even further and require the party withholding documents based on a claim of privilege to specify "(i) the type of document, e.g., letter or memorandum, (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information **[*7]** as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document,

and any other recipients shown in the document, and where not apparent the relationship of the author, addressees and recipients to each other . . ." *A.I.A. Holdings, S.A. v. Lehman Brothers, Inc.,* 2002 U.S. Dist. LEXIS 20107, 2002 WL 31385824 (S.D.N.Y. 2002) *4, quoting Local Rule 26.2. *HN6*⚓In assessing the adequacy of a **privilege log** submitted by a party resisting the discovery of documents sought pursuant to Mass.R.Civ.P. 34, a court **must** be mindful that a privilege such as the work-product rule or the attorney-client privilege does not exist simply because a party asserts it. *See, e.g., Commonwealth v. Pelosi,* 441 Mass. 257, 805 N.E.2d 1 (2004). "The primary purpose of providing a **privilege log** is to give the party challenging the privilege sufficient information to determine if assertion of the privilege was valid . . . A **privilege log** should include a general description of the documents, its date, the identities of the preparer(s) and the recipient(s) of any withheld document, the particular privilege being asserted and the statement **[*8]** as to the bases for assertion of the privilege." Discovery, *supra* § 5.15 at 230.

7. It follows from what has been said that *HN7*⚓as a general rule a privilege log should include a list of individual documents accompanied by the date of each document, its author, the addressee or recipient, a description of its contents sufficient to describe its character as privileged, and the particular privilege asserted. In keeping with the view of the drafters of the federal rules, this general rule is not hard and fast and some flexibility is permitted when the character of a group or category of documents as privileged is evident. See Fed.R.Civ.P. 26(b)(5), Advisory Committee Notes 1993. *See In re Bridgestone/Firestone, Inc.,* 2002 U.S. Dist. LEXIS 2808, 2002 WL 32156871 (S.D. Indiana 2002). However, the indispensable requirement of a **privilege log** remains that it **must** contain enough information to permit the party seeking discovery and the court to "assess the applicability of the privilege or protection." Fed.R.Civ.P. 26(b)(5). *See Heavin v. Owens-Corning Fiberglass,* 2004 U.S. Dist. LEXIS 2265, 2004 WL 316072 *2 (D.Kan. 2004).

8. **[*9]** Analysis of the Plaintiffs' **Privilege Log**

The privilege log submitted by Allmerica in this case does not meet the above requirements and thus is not adequate. The documents that the plaintiff is withholding are not identified individually or with sufficient particularity to enable the defendant or the court to ascertain the applicability of any privilege. For the same reasons, the privilege log submitted by or on behalf of Hale and Dorr (see Defendant's Memorandum in Support of its Supplemental Motion to Compel Tab D), and the privilege log submitted by or on behalf of LeBoeuf, Lamb, Greene and Macraw, LLP (see Defendant's Memorandum in Support of its Supplemental Motion to Compel, Tab G), do not meet the above requirements and thus are not adequate.

ORDER

9. For the above reasons, the Defendant's Memorandum in Support of its Supplemental Motion to Compel (Paper No. 16) is *ALLOWED.* Within 30 days from the date of this Memorandum and Order, the plaintiffs shall produce the documents requested by the defendant or submit privilege logs that meet the requirements set forth above.

Peter W. Agnes, Jr.

Justice of the Superior Court

DATE: May 19, 2004

APPENDIX A

ALLMERICA **[*10]** FINANCIAL CORPORATION, ET AL. V. CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, ET AL.

Civil Action No. 02-2075

## PRIVILEGED DOCUMENTS WITHHELD FROM THIRD PRODUCTION

| Type of Document | Basis of Privilege Attorney |
|---|---|
| 1. Correspondence between Allmerica attorneys and Allmerica regarding the Bussie class action. | Attorney Client Privilege and Attorney Work Product Doctrine |
| 2. Drafts of papers and pleadings prepared by Allmerica attorneys regarding the Bussie class action. | Attorney Client Privilege and Attorney Work Product Doctrine |
| 3. Memoranda by Allmerica attorneys to file regarding the Bussie class action. | Attorney Work Product Doctrine |
| 4. Attorney notes regarding the Bussie class action. | Attorney Work Product Doctrine |
| 5. Correspondence between Allmerica and its consulting experts regarding the Bussie class action. | Attorney Work Product Doctrine |
| 6. Drafts of agreements by Allmerica attorneys in the Bussie class action. | Attorney Client Privilege and Attorney Work Product Doctrine |
| 7. Notes from meetings between Allmerica attorneys and other individuals at Allmerica regarding the Bussie class action. | Attorney Client Privilege and Attorney Work Product Doctrine |
| 8. Notes by Allmerica's agents regarding insurance coverage issues regarding the Bussie class action. | Attorney Client Privilege and Attorney Work Product Doctrine |
| 9. Attorney memoranda to Allmerica regarding the Jowers litigation. | Attorney Client Privilege and Attorney Work Product Doctrine |
| 10. Attorney memoranda to file regarding the Jowers litigation. | Attorney Work Product Doctrine |
| 11. Attorney notes regarding the Jowers litigation. | Attorney Work Product Doctrine |
| 12. Drafts of papers and pleadings by Allmerica | Attorney Client Privilege and Attorney Work Product Doctrine |

attorneys in the Jowers
litigation.

| | |
|---|---|
| 13. Drafts of papers prepared by Allmerica's consulting experts regarding the Bussie class action. | Attorney Work Product Doctrine |
| 14. Correspondence between Allmerica and its attorneys regarding the Jowers litigation. | Attorney Client Privilege and Attorney Work Product Doctrine |

**[*11]**

Source: Legal > States Legal - U.S. > Massachusetts > Cases > **MA Federal & State Cases, Combined** ⓘ
Terms: **"privilege log" /s must**  (Edit Search)
View: Full
Date/Time: Wednesday, August 11, 2004 - 3:16 PM EDT

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.