UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Roman Catholic Archbishop of Boston, a Corporation Sole, )<br><br>Plaintiff, )<br><br>v. )<br><br>Lumbermens Mutual Casualty Company, )<br><br>Defendant. ) | Civil Action No. 04-10461-DPW |

**ROMAN CATHOLIC ARCHBISHOP OF BOSTON'S
OPPOSITION TO LUMBERMENS MUTUAL CASUALTY
COMPANY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

The Roman Catholic Archbishop of Boston, a Corporation Sole (the "RCAB"), respectfully submits this memorandum in opposition to Lumbermens Mutual Casualty Company's ("LMC") Motion to Compel Production of Documents. LMC's motion to compel the production of *all* of the documents on the RCAB's privilege log is entirely without merit and is calculated only to obfuscate and delay. The sole basis for LMC's motion is the assertion that the RCAB's privilege log does not provide sufficient detail, from which LMC then contends that, as a consequence, *all privileges* are waived, including attorney-client, religious comfort and guidance, priest-penitent, psychotherapist-patient, and common, or joint, interest privileges, as well as the protection afforded it by the work product doctrine.

LMC engages in no analysis of the RCAB's privilege log. It never contacted the RCAB to address any alleged deficiency. LMC fails utterly to establish two fundamental predicates for its argument: first, LMC fails to establish that the RCAB's privilege log is insufficient under any applicable standard; and second, LMC fails to establish that, even if the log did contain

insufficient information, the result would be a waiver of the underlying privileges. Accordingly, LMC's motion should be denied in its entirety.

## I.     RELEVANT FACTS

The RCAB and LMC exchanged documents relevant to discovery issues with their Initial Disclosures. Each party also produced a privilege log identifying documents that were withheld. As might be expected, because the RCAB was required to produce the contents of files maintained by two distinct law firms, as well as all of the claim files maintained by the RCAB's Risk Management and Insurance Office, and because the nature of the underlying issues was such that many privileged communications were inherent, the RCAB's privilege log was extensive. The RCAB set forth, for each document, the following information: (1) the bates-number; (2) the author; (3) the addressee; (4) the recipients of copies; (5) the date; (6) a description of the subject; and (7) the privileges asserted. When possible, the RCAB was careful to relate each specific document to a specific underlying lawsuit or claim brought against the RCAB.[1] Ironically, LMC's privilege log provides far less information than the RCAB's privilege log.

The RCAB produced the Log to LMC in July. LMC never asked for the production of, or more information about, the Log until the Friday preceding the filing of LMC's Motion to Compel, when counsel for LMC simply informed counsel for the RCAB that it was asking for production of *all* of the documents contained on the Log, and declined any discussion of the issues.

---

[1] The RCAB's privilege log is filed under seal with this Court. It was originally filed as an attachment to LMC's Motion to Compel Production of Documents, but when we reminded counsel for LMC that it was marked 'Confidential' because names and other confidential information was reflected in it, they withdrew it and filed it under seal.

-2-

## II.    LMC'S MOTION TO COMPEL IS WITHOUT AUTHORITY OR BASIS

### A. The RCAB Privilege Log is Sufficient Under the Federal Rules of Civil Procedure

The RCAB's Log fully complies with the requirements of the rule. The RCAB in fact has exceeded the requirements of a sufficient privilege log as contained in Fed. R. Civ. P. 26(b)(5), and even, contrary to LMC's misplaced assertions, as contained in Fed. R. Civ. P. 45.[2]

Fed. R. Civ. P. 26(b)(5) provides:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in such a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

The Advisory Committee Notes to Fed. R. Civ. P. 26(b)(5) further state:

> The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection. Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories.

The Log clearly exceeds the requirements for sufficiency set forth by Fed. R. Civ. P. 26(b)(5). Although extensive, it identifies, on a document-by-document basis, the author, the recipient, the name of anyone copied on the document, the date, a description of the subject, and the privileges asserted as to the document.[3] In *Colonial Gas Company v. Aetna Casualty &*

---

[2] Although LMC purports to rely on Fed. R. Civ. P. 45(d), the Log was not prepared or produced in response to a subpoena. Instead, the RCAB's Log was prepared in connection with the production of its Initial Disclosures, under Fed. R. Civ. P. 26(b)(5), and is governed by that Rule.

[3] For example, the Log indicates that the RCAB document bates-stamped RCAPRIV03930 is identified as a letter from Wilson D. Rogers, Jr. (general counsel to the RCAB, as LMC well knows) to Rev. William F. Murphy, dated 4/29/98, regarding a particular claim brought against the RCAB. The document is protected by the attorney-client privilege and the work product doctrine. Similarly, the Log indicates that the RCAB document bates-stamped RCAPRIV00169 consists of a letter from Wilson D. Rogers, III to Rev. Sean Connor, with copies to Joseph McEnness and Paul Fallon concerning a particular claim, dated 7/31/02. This letter is protected by the attorney-client privilege and the work product doctrine.

*Surety Company*, 144 F.R.D. 600 (D.Mass. 1992), the Court held sufficient a privilege log that contained a description of each document, the sending and receiving parties, and the date of the document.  The Court said: "[t]o require additional disclosure would minimize the protection afforded by the privilege." *Id.* at 600.  Furthermore, "[a]s the advisory committee notes to Rule 26 recognize, a party may offer a categorical description of privileged documents in lieu of a privilege log if a document by document description would be unduly burdensome."  *Public Service Co. of N.H. v. Portland Natural Gas*, 218 F.R.D. 361, 364 (D.N.H. 2003).

Although Fed. R. Civ. P. 26(b)(5) requires a party asserting a privilege to describe the nature of the documents withheld in a manner that enables the requesting party to assess the claim, the scope of the description necessary to satisfy the Rule "need only be so broad as to permit this assessment." *Emerson Electric Co. v. Ouellette*, 1998 WL 34088465 (D.N.H.)*, citing* 8 Charles A. Wright et al., *Federal Practice and Procedure* §2016.1, at 234-35 (2d ed. 1994) (warning that rigid insistence on certain bgging procedures "may go well beyond" what Rule 26(b)(5) requires).  A privilege log does "not need to be precise to the point of pedantry"; instead, "a party who asserts a claim of privilege [should] do the best that he reasonably can to describe the materials to which his claim adheres." *In re Grand Jury Subpoena*, 274 F.3d 563, 576 (1st Cir. 2001).  "Nowhere in Fed. R. Civ. P. 26(b)(5) is it mandated that a document-by-document privilege log is required." *Durkin v. Shields*, 174 F.R.D. 475, 477 (S.D.Cal. 1997).  Moreover, the Rule does not "specify *when* the required description must be provided." *Jackson v. County of Sacramento*, 175 F.R.D. 653, 656 (E.D.Cal. 1997) ("[T]he duty to provide the description required by Rule 26(b)(5) is flexible and does not arise until there is a good faith challenge to the privilege claim.").  LMC has yet to challenge the sufficiency of any particular document withheld by the RCAB as privileged, or any category of documents withheld by the

RCAB as privileged. Instead, it eschews such an approach for a blanket, simplistic assertion of waiver.

LMC further asserts that the RCAB's privilege log fails to establish each element of each privilege asserted on a document-by-document basis. Not only does LMC fail utterly to produce a shred of support for that assertion, "[c]onstruing Rule 26(b)(5) in such fashion would undermine the cardinal mandate of Rule 1, which requires the rules be construed and administered to secure the just, speedy, and *inexpensive* determination of every action." *Jackson v. County of Sacramento*, 175 F.R.D. 653, 656 (E.D.Cal. 1997) (finding that defendant timely satisfied the "description" requirement of Rule 26(b)(5) although it failed to produce a detailed privilege log in the first instance).

Instead, "[a] lawyer's statement that information is being withheld under a claim of attorney-client privilege is an implicit assertion that the information was conveyed in confidence by a client to an attorney for the purpose of facilitating legal services to the client. The assertion of attorney work product protection carries its own implicit assertion about the factual predicate for the claim." *Jackson*, 175 F.R.D. at 656. In short, the RCAB has satisfied the mandates of Fed. R. P. 26(b)(5).

The cases cited by LMC in support of its argument concerning the requirements of a sufficient privilege log are completely inapposite. In *In re Grand Jury Subpoena*, the First Circuit was presented with a party who failed altogether to produce a privilege log, while withholding information subject to a grand jury subpoena. Likewise, in *Atteberry v. Longmont United Hospital*, the withholding party produced "no privilege log whatsoever". *Atteberry v. Longmont United Hospital*, 221 F.R.D. 644, 649 (D. Col. 2004).

In *State of Maine*, on which LMC relies heavily, documents were withheld by a governmental agency in response to a request under the Freedom of Information Act. Unlike the

present case, assertions of privilege under FOIA are subject to the requirements of 5 U.S.C.A. §552(b)(5) and the general policies underlying that statute. That policy is "one of broad disclosure, and the government must supply any information requested by an individual unless it determines that a specific exemption, narrowly construed, applies." *State of Maine v. United States Department of the Interior*, 298 F.3d 60 (1st Cir. 2002). While the formulations of the various privileges, including the attorney-client privilege and the work product doctrine, are identical under FOIA to those in civil discovery, the requirements for an adequate *Vaughn* index are shaped by different policy considerations from those for a sufficient privilege log. Accordingly, LMC's reliance upon *State of Maine* is misplaced.

Finally, in *Allmerica Financial*, the Massachusetts Superior Court explains that, although the Massachusetts Rules of Civil Procedure do not require a party resisting disclosure to produced a privilege log, "as a general rule" privilege logs should contain a certain modicum of information. The RCAB's privilege log easily satisfies the requirements set by the Massachusetts court, although the case has no precedential value. *Allmerica Financial*, 17 Mass. L. Rep. at *8 (2004).

**B. LMC's Assertion Concerning the Consequence of the RCAB's Purported Failure to Provide a Sufficient Privilege Log is Wholly Without Merit**

Even if this Court were to conclude that additional information on the RCAB's Log might be appropriate, the failure to produce a sufficient privilege log under Fed. R. Civ. P. 26(b)(5) does not constitute a waiver of the underlying privileges. *See* Fed. R. Civ. P. 26(b)(5), Advisory Committee Notes, 1993 Amendment. Nor would it be a waiver under Fed. R. Civ. P. 45, contrary to LMC's assertions, although a complete failure to produce a privilege log might

constitute such a waiver.[4]  *See* Fed. R. Civ. P. 45(d), Advisory Committee Notes, 1991 Amendment.  In fact, LMC cites no authority for its assertion that a party's failure to provide a sufficient privilege log pursuant to the Federal Rules of Civil Procedure constitutes a waiver of the underlying privileges.

LMC has not made any showing that the RCAB has withheld any document improperly.  Nor has it identified any document or category of documents for which it needs more information.  Rather, it has fired a blunderbuss hoping to strike pay dirt.  Its ploy should not be countenanced.

## CONCLUSION

LMC seeks to deprive the RCAB of the protection of all of its privileges, as well as the work product doctrine, on the basis of inapplicable cases.  Furthermore, LMC made no attempt to get more information about any particular document or documents, or even to confer with counsel for the RCAB in any way related to the adequacy of the RCAB's privilege log.  LMC's Motion to Compel Production of Documents should be denied in its entirety.

---

[4] In *Public Service Co. of N.H. v. Portland Natural Gas*, the Court set aside the decision of a Magistrate Judge who mistakenly relied upon *In re Grand Jury Subpoena* and Fed. R. Civ. P. 33(b)(4) instead of Fed. R. Civ. P. 26(b)(5), in ruling that the withholding party waived its privilege claims by failing to produce a privilege log in response to document requests.  The Court also stated that, although a complete failure to produce a privilege log under Rule 45(d) might result in a waiver, the waiver of a privilege claim is an unnecessarily harsh penalty for failing to produce a privilege log with a discovery response.  Such failure is only addressed under Fed. R. Civ. P. 37(a).

-8-

        Roman Catholic Archbishop of Boston, a
        Corporation Sole
        By its attorneys,


        /s/ Paul B. Galvani
        Paul B. Galvani (BBO No 183800)
        Thomas H. Hannigan, Jr. (BBO No 220420)
        Bryan R. Diederich (BBO No 647632)
        Kate Cimini (654336)
        Ropes & Gray LLP
        One International Place
        Boston, Massachusetts 02110-2624
        (617) 951-7000

Dated:  September 1, 2004