UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THE ROMAN CATHOLIC ARCHBISHOP
OF BOSTON, A CORPORATION SOLE,

           Plaintiff,

v.

LUMBERMENS MUTUAL CASUALTY
COMPANY,

           Defendant.

Civil Action No. 04-10461-DPW

**LUMBERMENS MUTUAL CASUALTY COMPANY'S
REPLY MEORANDUM IN FURTHER SUPPORT OF ITS
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

On August 16, 2004, Lumbermens Mutual Casualty Company ("LMC") filed a motion to compel the Roman Catholic Archbishop of Boston, A Corporation Sole ("RCAB"), to produce certain documents withheld pursuant to its designation of same as privileged and/or subject to the work product doctrine (the "Motion to Compel"). On September 1, 2004, the RCAB filed an opposition (the "Opposition"). Pursuant to the Court's express grant of leave to do so, LMC submits this reply in further support of its motion to compel.

**A.   RCAB Has Failed to Carry Its Burden of Establishing the Sufficiency of Its Privilege Log**

It is well settled that the withholding party "bears the burden of demonstrating that the information withheld is within the attorney-client privilege or attorney work product protection." *See, e.g.*, Jackson v. County of Sacramento, 175 F.R.D. 653, 658 (E.D. Cal. 1997). Thus, in bringing its motion to compel, LMC put the RCAB to its burden of proof.

BOST1-837089-1

Such burden required the RCAB to demonstrate that its Log contains enough information to permit LMC and the Court to assess the applicability of the asserted privileges or protections. Allmerica Financial Corp. v. Certain Underwriters at Lloyd's London, 17 Mass. L. Rep 665; 2004 Mass. Super LEXIS 182, *8 (Mass. Sup. Ct 2004), quoting Fed. R. Civ. P. 26(b)(5).[1] Furthermore, to satisfy the burden, the RCAB needed to demonstrate that its Log provides sufficient information to enable LMC and the Court to determine whether *each element of the asserted objection is justified.*" See, e.g., Atteberry v. Longmont United Hosp., 221 F.R.D. 644, __, *12 (D. Colo. 2004) (emphasis supplied)[2]; *see also*, Jones v. The Boeing Co., 167 F.R.D. 15, 17 (D. Kan. 2004) ("a failure of proof as to any element of the privilege causes the claim or privilege to fail").

LMC's Motion to Compel specifically identified for the RCAB each of the elements of the asserted objections which the Log fails adequately to address. For instance, with regard to documents withheld upon the assertion of attorney-client privilege, LMC demonstrated that the RCAB's Log fails to provide information indicating that the withheld documents contain or relate to information that the client intended to keep confidential, and thus, as a matter of law, that the Log fails to establish an essential element of the privilege. Motion to Compel at pp. 3-4. Similarly, with regard to documents withheld upon the assertion of the work product doctrine, LMC demonstrated that the Log fails to make the necessary showing that documents withheld pursuant to thereto had been prepared *because of* any particular litigation or anticipated litigation. Id. at pp. 4-5.

---

[1] A true and accurate copy of this opinion is attached to the Motion to Compel as Exhibit B.

[2] Reporter pagination is not yet available for this June 2004 opinion.

2

The RCAB has not pointed to actual language of the Log to demonstrate satisfactory establishment of these essential elements. Instead, the RCAB has attempted to circumvent the evident inadequacy of its Log by reference to "implicit assertions." For example, the RCAB contends that a lawyer's invoking of the attorney–client privilege is an "implicit assertion." that the withheld information was conveyed in confidence, and that invoking the work product protection is an "implicit assertion" that the withheld documents were prepared because of litigation or anticipated litigation. Opposition at p. 5.

While resort to "implicit assertions" to establish the adequacy of a privilege log may suffice in certain instances, it clearly cannot suffice in this case. With respect to coverage issues and the defense and settlement of clergy sexual abuse claims, the activities and responsibilities of the RCAB's counsel were not limited to providing legal advice. Rather, the testimony of Paul Fallon, Claims Manager of the RCAB's Risk Management Department, shows that with regard to clergy sexual abuse claims, the RCAB ceded <u>all</u> of its responsibility and authority with regard to these matters to its General Counsel, Wilson D. Rogers, Jr. Mr. Fallon Testified:  normal claims handling functions to counsel:

> Q:  Is there any part of your responsibilities, as the Claim Manager, that you did not delegate to counsel in connection with the sexual abuse claims?
>
> A :  No.
>
> Q:  Was there anyone, other than Wilson Rogers and his firm, that served as counsel in connection with the claim-handling functions that you delegated?
>
>     Mr. Galvani:  Objection.
>
> A:  Wilson Rogers handled the diocese's legal matters and the claims. Whether there were other attorneys representing individuals, I can't say.

> Q: Okay. Did you delegate to Attorney Rogers all of the responsibilities for making decisions with respect to insurance coverage issues relating to the sexual molestation claims?
>
>     Mr. Galvani: Objection.
>
> A: I did not. I don't recall ever saying he did or he didn't. I don't know.
>
> Q: Well, did you permit him to handle all of those matters?
>
>     Mr. Galvani: Objection.
>
> A: That's a yes.

Deposition Transcript of Paul Fallon at p. 42, lines 8-19, and p. 43, lines 5-10.[3]

It is well settled that when counsel acts in a capacity other than that of an attorney giving legal advice, his efforts are not protected by the attorney-client and work product doctrines. *See, e.g.*, <u>First Aviation Services, Inc. v. Gulf Ins. Co.</u>, 205 F.R.D. 65, 69 (D. Conn. 2001) ("To the extent an attorney acts as a claims adjuster, claims process supervisor, or claims investigation monitor, and not as a legal advisor, the attorney-client privilege does not apply."); <u>Harper v. Auto Owners Ins. Co.</u>, 138 F.R.D. 160, 163 (D. Minn. 1986) (same).

Viewed in this light, it is clear that the inadequacies of the RCAB's Log cannot be salvaged by according it the benefit of any "implied assertions." There is simply no basis for the LMC or the Court to determine whether any of the withheld documents relate to counsels' conduct as attorneys rendering legal advice, or merely to their undertaking the business, duties, and responsibilities of the RCAB's Risk Management Department. As such, there similarly is no basis for establishing the fiction that the Log--solely because it

---

[3] Mr. Fallon's deposition was conducted on September 2, 2004. The official version of his transcript has not yet been released by the stenographer. Attached hereto as Exhibit A is a copy of the stenographer's "real time" transcript.

reflects interaction with attorneys--satisfactorily establishes the elements necessarily predicate to withholding documents pursuant to each of the privileges and protections baldly asserted therein.

**B.    Testimony of the Rule 30(b(6) Designee of The Rogers Law Firm Further Demonstrates the Inadequacy of the Log**

Testimony obtained from the Rogers Firm's 30(b)(6) designee, Wilson D. Rogers, III, further highlights the patent inadequacy of the RCAB's Log, and the unfairness that it engenders.  As an initial matter, the Rogers Firm failed to produce any documents in response to the Subpoena Duces Tecum. Attorney Rogers testified that the Rogers Firm had forwarded all of the documents in its possession that were subject to the Court's Automatic Disclosure rules to Ropes & Gray.  *See*, Rogers Firm Deposition Transcript at p. 5, line 20 through p. 6 line 3.[4]  In response to questions posed to discern the subject matter of these document, Attorney Rogers testified that they included, *inter alia*:

 a. Documents pertaining to the issue of aggregate limits in the policies allegedly issued by LMC.  Id. at p. 25, lines 4-11;

 b. Documents pertaining to the RCAB's understanding of the "working terms" of the policies.  Id. at p. 31, lines 5-17;

 c. Documents pertaining to the RCAB's understanding(s) subsequent to communications with LMC personnel.  Id. at p. 32, lines 17 through p. 33 line 18; and

 d. Documents pertaining to analysis of LMC's position on coverage issues. Id. at p. 38, line 18 through p. 39, line 8.

---

[4] A copy of The Rogers Firm deposition transcript is attached hereto as Exhibit B.

As LMC has been provided none of the foregoing documents, it must assume that they are buried somewhere within the Log. However, due to the inadequacy of the Log in describing its contents, LMC is unable to identify any of these documents for purposes of investigating and/or challenging the propriety of their being withheld.

C. **Consequence of RCAB's Failure to Carry Its Burden**

Despite the RCAB's protestations otherwise, courts can <u>and</u> do deem the provision of an insufficient privilege log as a waiver of the privileges asserted therein, thereby requiring production of the withheld documents. *See*, <u>State of Maine v. United States Dep't of Interior</u>, 298 F.3d 60, 73 (1st Cir, 2002) (affirming, in relevant part, district court's order compelling production of documents withheld pursuant to inadequate showings of privilege); <u>In re Grand Jury Subpoena</u>, 274 F.3d 563, 576 (1st Cir. 2001, citing <u>Dorf & Stanton Communications, Inc. v. Molson Breweries</u>, 100 F.3d 919, 923 (Fed. Cir. 1996) (holding that failing "to provide a complete privilege log demonstrating sufficient grounds for taking the privilege" waives the privilege). However, as previously indicated, LMC presently does not require production of every document identified in the Log, but only those documents concerning information relevant to those subject matters previously identified by this Court for Phase I discovery.

If this Court is unwilling at this time to order the requested production of documents, at a minimum, the Court should order extensive supplementing of the Log as necessary to enabling both it and LMC to assess the propriety of any and all document withholdings. Such supplementation should include identification of each document containing information relative to the Phase I discovery topics, including identification of the particular topic(s) at issue[5] in each. Arguably, the efforts and communications of RCAB's counsel regarding these subject matters--

---

[5] It is also LMC's position that the RCAB, by affirmatively placing the Phase I discovery subject matters at issue in this case, has waived privileges or protections which might otherwise attach to information concerning same. LMC intends to file a separate motion to compel production of documents on such grounds.

6

in whole, or in part--involved responsibilities normally handled by the Risk Management Department, and thus attempts to cloak them with privilege are appropriately subject to challenge.

**Wherefore**, for all of the foregoing reasons, LMC requests that this Court order the RCAB to produce all withheld documents concerning information relevant to those subject matters previously identified by this Court for Phase I discovery. Alternatively, LMC requests that this Court order the RCAB to supplement its Log in the manner prescribed within.

>Respectfully submitted,
>
>LUMBERMENS MUTUAL CASUALTY COMPANY
>
>By its attorneys,
>ROBINSON & COLE LLP
>
>_s/ Brian P. McDonough_____
>John E. Tener, BBO No. 563791
>Mary L. Cataudella, BBO No. 553350
>Anthony R. Zelle, BBO No. 548141
>Brian P. McDonough, BBO No. 637999
>Robinson & Cole LLP
>One Boston Place
>Boston, Massachusetts 02108
>(617) 557-5900

September 8, 2004