UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THE ROMAN CATHOLIC ARCHBISHOP
OF BOSTON, A CORPORATION SOLE,

        Plaintiff,

v.

LUMBERMENS MUTUAL CASUALTY
COMPANY,

        Defendant.

Civil Action No. 04-10461-DPW

**LUMBERMENS MUTUAL CASUALTY COMPANY'S
OPPPOSITION TO MOTION FOR LEAVE TO FILE
MEMORANDUM IN EXCESS OF TWENTY PAGES**

    Late yesterday the Roman Catholic Archbishop of Boston, A Corporation Sole ("RCAB"), filed a motion for partial summary judgment in this matter. Upon reviewing the filing, Lumbermens Mutual Casualty Company ("LMC") was surprised to discover that the RCAB had included a motion for leave to file a summary judgment memorandum in excess of twenty Pages. LMC's surprise emanated, in part, from the fact that counsel for the RCAB never had conferred with it as to its intention to file such a motion, as necessarily precedent to the filing of <u>all</u> motions pursuant to Local Rule 7.1(A)(2). Much more troublingly, despite communications <u>this</u> <u>week</u> among the parties and the Court regarding the briefing and hearing schedule, not once did counsel for the RCAB mention that it would be filing a forty-page summary judgment brief—i.e., <u>double</u> the 20-page briefing limit provided by Local Rule 7.1(B)(4).

BOST1-837803-1

Indeed, on Monday of this week, counsel for LMC contacted counsel for the RCAB to indicate its belief that it would require additional time to respond to the RCAB's anticipated summary judgment motion. At that time, counsel for the RCAB indicated its willingness to provide an extension for LMC to respond in exchange for an extension of its summary judgment filing deadline. As result of these discussions an assented-to motion was filed requesting the respective extensions.

The Court, however, based upon concerns as to adequacy of time to review submissions in advance of the scheduled hearing date of October 13, 2004,[1] denied the motion. Thus apprised of the Court's time-constraint concerns, certainly courtesy dictated notice at that time by counsel for the RCAB that its memorandum would greatly exceed the twenty-page limit.

Instead, counsel for the RCAB remained silent. Moreover, when Clerk Greenberg subsequently inquired as to willingness to push back the hearing schedule so as to allow for the extra time requested by LMC, counsel for the RCAB flatly refused, again, with no mention whatsoever of the fact that the brief it was about to file was double the page-limit allowed by the Rules.

The RCAB's coyness as to the length of its submission has created difficulties for LMC, and it would appear, the Court as well. Had LMC known in advance that the RCAB intended to submit a brief so greatly surpassing the page-limit requirement, it would have requested additional time for responding to same. Clearly, the time limits provided by the Rules contemplate adequate time necessary for responding to briefs which comply with the Rules' page-length requirements. It would be manifestly unjust to require LMC to prepare a response to a 40-page brief in the amount of time provided for responding to a 20-page brief, and undoubtedly the Court would have allowed such a motion.

---

[1] Such concerns were elaborated in discussions with Clerk Greenberg.

Furthermore, it is apparent that in fashioning its hearing schedule order, the Court has attempted to build in adequate time for reviewing party submissions in advance of hearing. It now appears that the Court will need to wade through twice the amount of material that it anticipated receiving, and thus may have grossly under-budgeted its review time needs. Indeed, rather than forty pages of argument, the Court is now faced with eighty pages of argument (assuming, of course, that any page-limit enlargement accorded to the RCAB, would similarly be accorded to LMC). Furthermore, as longer briefs necessarily translate into longer statements of undisputed facts and responses thereto, the Court can now expect roughly sixty-pages worth of these document, rather than thirty. Finally, instead of six or seven inches of supporting testimony and documents, the Court can expect to receive more than a foot.

In sum, the RCAB:

- Has flouted this Court's Rules governing motion practice by both failing to confer with counsel as required by Rule 7.1(A)(2), and by filing, without first obtaining leave of Court to do so, a memorandum in excess of twenty pages, in violation of Rule 7.1(B)(4);

- Has demonstrated a marked lack of courtesy to both opposing counsel and the Court in failing to give either advance notice of its intention to file an excessive brief; and

- Has thereby prejudiced LMC's ability to timely seek a Court Order for adequate time to respond to its excessive brief, and hampered the Court's ability to fashion an appropriate briefing and hearing schedule.

**WHEREFORE**, for all of the foregoing reasons, this Court should deny the RCAB's motion for leave to file a brief exceeding the twenty-page limit.

**ALTERNATIVELY**, this Court should Order that:

a. The LMC has 28 days to prepare it response to the RCAB's summary judgment motion (i.e., as the RCAB's brief is twice the page-limit provided by the Rules, LMC should be afforded twice the time provided by the Rules for preparing a response);

b. The page-limit of LMC's response is enlarged to 40 pages; and

c. The hearing schedule for this motion shall be amended in accordance with the foregoing and so as to provide the Court time to review the parties' respective submissions in advance thereof.

Respectfully submitted,

LUMBERMENS MUTUAL CASUALTY COMPANY

By its attorneys,
ROBINSON & COLE LLP

  s/ Brian P. McDonough
John E. Tener, BBO No. 563791
Mary L. Cataudella, BBO No. 553350
Anthony R. Zelle, BBO No. 548141
Brian P. McDonough, BBO No. 637999
Robinson & Cole LLP
One Boston Place
Boston, Massachusetts 02108
(617) 557-5900

September 16, 2004