

7/26/2004 Mary Kay Reardon (Vol. 1)

1   position?
2          MR. ZELLE: Objection.
3          THE WITNESS: I have -- there has
4   been discussion about the aggregate since it
5   was raised in I believe 2003.
6   BY MR. GALVANI:
7       Q.   Is Lumbermens relying solely on the
8   dec page for the argument that there is an
9   aggregate applicable to these cases of
10  $300,000 per year?
11      A.   Lumbermens is not relying solely on
12  the dec page. Lumbermens is relying on
13  several people within the organization who
14  were familiar with the forms and familiar
15  with the policies after review, in addition
16  to an outside coverage opinion, in addition
17  to the Archdiocese of Boston who never took
18  exception and agreed and confirmed that
19  there was a $300,000 aggregate.
20      Q.   I move to strike. That wasn't my
21  question. We will come back to that. Who
22  gave the outside opinion?
23      A.   A law firm in Massachusetts
24  Morrison, Mahoney & Miller.

7/26/2004 Mary Kay Reardon (Vol. 1)

1    A.    Yes.
2    Q.    Is it your position apart from any
3    agreement that you say may have been reached
4    that there, in fact, are aggregates
5    applicable under these policies to these
6    claims?
7    A.    Based on the information that I
8    have read and researched, it was clear that
9    everyone believed that aggregates --
10   everyone interpreted this coverage that
11   aggregates applied.
12   Q.    Everyone meaning who?
13   A.    Everyone who looked at the
14   policies, everyone who looked at the
15   coverage and reviewed the coverage including
16   outside counsel.
17   Q.    They all concluded that that policy
18   language provided aggregates?
19   A.    Yes.
20   Q.    And please name these people --
21   Zinoman, Donohue?
22   A.    Yes.
23   Q.    Morrison, Mahoney & Miller?
24   A.    Yes.