UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
THE ROMAN CATHOLIC                 )
ARCHBISHOP OF BOSTON,              )
A CORPORATION SOLE,                )
           Plaintiff,              )
                                   )
      v.                           )   C.A.04-10461-DPW
                                   )
LUMBERMENS MUTUAL                  )
CASUALTY COMPANY,                  )
           Defendant.              )
_____)

## DEFENDANT'S MOTION TO STRIKE AFFIDAVIT OF DENNIS CONNOLLY

Defendant Lumbermens Mutual Casualty Company ("LMC") requests that this Court strike the expert affidavit of Dennis Connolly ("Connolly") which the Roman Catholic Archbishop of Boston, A Corporation Sole (the "RCAB"), filed in support of its Motion for Summary Judgment.[1]  In support of this Motion, LMC states the RCAB did not disclose this witness until September 15, 2004, the day on which the RCAB filed its summary judgment papers with this Court.  Although the RCAB was obligated to identify "each individual likely to have discoverable information" as part of its initial disclosures filed on or about July 1, 2004, the RCAB never disclosed that it intended to rely on Connolly.

While the RCAB may argue that the initial disclosure requirements do not apply to expert witnesses, this surreptitious disclosure bearing upon one of the most central issues in Phase I of discovery – the terms and conditions of policies – is severely prejudicial to LMC.  Connolly opines that LMC's pre-1974 policies issued to the RCAB would have included Standard ISO Policy Forms.  However, Connolly has no personal knowledge what forms LMC had been using prior to 1974, and has no factual basis for rendering such an opinion.  Connolly's opinions are conclusory and insofar as they have any foundational basis, LMC has not had an opportunity to

---

[1] LMC has also filed a motion for leave to take additional discovery pursuant to F.R.Civ.P. 56(f) requesting, *inter alia*, that the Court permit LMC to depose Connolly.

BOST1-839040-1

challenge them. In <u>Continental Insurance v. The Roman Catholic Bishop of Fall River</u>, slip op., No. 92-12016-MA (D.Mass.Aug. 12, 1993) the court found that an expert's affidavit and copies of form policies were insufficient to establish the terms of lost policies at the summary judgment. The court further noted that the expert's use of the subjunctive mood – "would have" – raised issues of expert's credibility better left for the trier of fact. <u>Id</u>. at 16-17; see also, <u>Century Indemnity Co. v. Aero-Motive Co.</u>, 254 F. Supp. 2d 670, 680 (W.D. Mich. 2003) ("the evidence must allow more than mere speculation regarding the terms and existence of coverage"); <u>Metlife Capital Corp. v. Westchester Fire Ins. Co.</u>, 224 F. Supp. 2d 374 (D.P.R. 2002) (denying summary judgment to policyholder because there was insufficient evidence to establish terms of the policy).

  Admittedly, Connolly has never been employed by LMC or the RCAB and therefore, his statement that "an insured like the RCAB *was issued* standard form general liability policies" is fraught with ambiguity. (Emphasis added.) Does "like the RCAB" mean religious orders? Charitable corporations? Institutions in Boston? Does the passive tense "was issued" mean that Connolly professes some basis to testify about standard industry practices that were in fact employed by LMC? Does "standard form liability policies" exclude Owner, Landlord and Tenant policies, policies which LMC's 30(b)(6) designee testified may have been the form of policy issued to the RCAB for the period prior to 1974? LMC's 30(b)(6) designee testified that the policies issued prior to 1971 may have been Owner, Landlord and Tenant policies. (See Deposition Transcript of Mary Kay Reardon, Exhibit A to the Transmittal Affidavit of Brian P, McDonough, Tab 1, 96:2-97:4, submitted in support of LMC's Opposition to the RCAB's Motion for Summary Judgment).

  The fact that the RCAB posits as undisputed evidence that the policies LMC issued prior to 1974 were standard form comprehensive general liability policies consists of nothing more than untested conclusions. Connolly's qualifications and opinions do not seem fit enough to

survive a <u>Daubert</u> challenge, much less the credibility test that Connolly would face if he were presented to a trier of fact. Accordingly, his testimony should be stricken in its entirety.

        Respectfully submitted,

        LUMBERMENS MUTUAL
        CASUALTY COMPANY

        By its counsel,

        */s/ Anthony R. Zelle*

        John E. Tener, BBO No. 563791
        Anthony R. Zelle, BBO No. 548141
        Mary L. Cataudella, BBO No. 553350
        Brian P. McDonough, BBO No. 637999
        Nancy M. Cremins, BBO No. 658932
        ROBINSON & COLE LLP
        One Boston Place
        Boston, MA 02108
        (617) 557-5900

Dated: October 1, 2004

### Local Rule 7.1(A)(2) Certificate

I, John E. Tener, attorney for defendant Lumbermens Mutual Casualty Company in the above captioned matter, hereby certify that on October 1, 2004, I conferred with counsel for the plaintiff regarding the subject of the within motion and that we attempted in good faith to resolve or narrow the issues raised by the instant motion.

        */s/ John E. Tener*

        John E. Tener