UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
THE ROMAN CATHOLIC                 )
ARCHBISHOP OF BOSTON,              )
A CORPORATION SOLE,                )
        Plaintiff,                 )
                                   )
        v.                         )   C.A.04-10461-DPW
                                   )
LUMBERMENS MUTUAL                  )
CASUALTY COMPANY,                  )
        Defendant.                 )
_____)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR LEAVE TO OBTAIN FURTHER DISCOVERY
PURSUANT TO FED.R.CIV.P. 56(f)**

**INTRODUCTION**

Defendant Lumbermens Mutual Casualty Company ("LMC") requests that this Court permit LMC to take additional discovery pursuant to Fed.R.Civ.P. 56(f) in connection with that portion of plaintiff's motion for partial summary judgment relating to the existence of policies for the period 1961-1964 and the terms of policies that may have been issued by LMC to the Roman Catholic Archbishop of Boston, A Corporation Sole (the "RCAB") prior to March 31, 1974. LMC is also entitled to a further deposition of the RCAB's 30(b)(6) designee on subjects pertaining to the RCAB's knowledge of and agreement to LMC's application of indemnity payments to exhaust the limits of the policies. On the issue of the application of aggregates, the RCAB has asserted the attorney-client privilege and has withheld documents and testimony pertaining to this subject, despite the fact that the RCAB has put the application of aggregate limits at issue. As a result of this unfounded objection, LMC has not been able to develop a complete record on this issue. In addition, if this court does not allow LMC's Motion to Strike the Affidavit of Dennis R. Connolly, a purported expert witness undisclosed by the RCAB prior

BOST1-838021-1

to the time it filed its Motion for Partial Summary Judgment, LMC requests leave to depose Mr. Connolly.[1]

## DISCUSSION

**The Rule 56(f) Standard.**

"Fed.R.Civ.P. 56(f) describes a method of buying time for a party who, when confronted by a summary judgment motion, can demonstrate an authentic need for, and an entitlement to, an additional interval in which to marshal facts essential to mount an opposition. The rule is intended to safeguard against judges swinging the summary judgment axe too hastily." Resolution Trust Corp. v. North Bridge Assocs., 22 F.3d 1198, 1203 (1st Cir., 1994) (Citations omitted). "The district courts have a duty under Rule 56(f) to ensure that the parties have been given a reasonable opportunity to make their record complete before ruling on a motion for summary judgment. To this end, it has been said that Rule 56(f) should be liberally construed." 11 Moore's Federal Practice. §56.10[8](a) at p. 56-80.2 (3rd ed. 2003). The rule requires that the party seeking relief establish its due diligence both in pursuing discovery before summary judgment has been filed and in pursuing an extension of time thereafter. "In other words, Rule 56(f) is designed to minister to the vigilant, not to those who slumber upon perceptible rights. Resolution Trust Corp. v. North Bridge Assocs., 22 F.3d at 1203. In sum, a party invoking Rule 56(f) must meet the following requirements: "(1) authoritativeness i.e. an attorney under pain of Rule 11 sanctions or a party must submit the request; (2) timeliness i.e. the request should be made within a reasonable time following the summary judgment motion; (3) good cause i.e. the

---

[1] In addition to its Motion to Strike the Connolly affidavit, LMC has filed three Motions to Compel which seek documents and further deposition testimony from the RCAB. The pending Motions are as follows in order of date filed: (1) LMC's Motion to Compel (documents withheld by the RCAB based on privilege/work product doctrine); (2) LMC's Motion to Compel Further Testimony of RCAB 30(b)(6) Designee on the Subject of Search for Evidence of Lost Policies; (3) LMC's Motion To Compel the RCAB to Produce Documents and Provide Testimony Regarding Subject Matters Placed "At Issue."

party must demonstrate good cause for failing to conduct the discovery previously; (4) utility i.e. there must be a plausible basis to believe that discoverable materials exist that would likely raise a genuine issue of material fact; and (5) materiality i.e. the requested discovery materials must be material to the legal dispute at the heart of the summary judgment motion." Ortiz Cameron v. DEA, 959 F. Supp. 92, 93-94 (D.P.R., 1997).

**LMC's Rule 56(f) Motion is Timely.**

A Rule 56(f) Motion is considered timely if it is made "within a reasonable time following receipt of the motion for summary judgment. This usually means that that the request should precede or accompany the response to the summary judgment motion." 11 Moore's Federal Practice. §56.10[8](a) at p. 56-80.3-4 (3rd ed. 2003). See also Massachusetts Sch. of Law v. ABA, 142 F.3d 26, 44 (1st Cir., 1998). Per the Court's scheduling order in this case, the RCAB filed its Motion for Summary Judgment on September 15, 2004 and LMC is required to file its Opposition by October 1, 2004. The filing of this Rule 56(f) Motion with LMC's Opposition to the RCAB's Motion for Summary Judgment therefore is timely.

**LMC has Established Good Cause for Not Previously Obtaining the Necessary Discovery.**

LMC has filed three Motions to Compel, all seeking documents and further deposition testimony concerning facts which are material to the RCAB's claims and LMC's defenses.[2] These Motions were filed as soon as practicable after the parties' good faith efforts to resolve the discovery disputes failed. Where, as here, the facts needed to oppose the RCAB's Motion for Summary Judgment are in the hands of the RCAB, "[this] is a circumstance that can assume decretory significance." Resolution Trust Corp. v. North Bridge Assocs., 22 F.3d 1198, 1208-

---

[2] LMC's pending Motions to Compel as set forth in detail the significance of the discovery LMC believes the RCAB is improperly withholding and why LMC is entitled to the discovery. By reference to these motions, LMC restates and incorporates them herein.

1209 (1st Cir., 1994) citing <u>Hebert,</u> 744 F.2d at 222 n.4 (collecting cases which state that "continuances should be routinely granted under Rule 56(f) where the moving party has sole possession of the relevant facts"). Therefore, until this Court has ruled on LMC's Motions to Compel, LMC respectfully requests that this Court refrain from ruling on RCAB's Motion for Summary Judgment. Furthermore, if the Court's rulings are favorable to LMC, LMC requests that this Court grant LMC additional time to complete the requisite discovery and submit additional filings in Opposition to the RCAB's Motion for Summary Judgment.

Finally, with respect to LMC's request for leave to depose the RCAB's "expert" witness, it was simply impossible for LMC to have requested discovery from this witness prior to his disclosure by the RCAB when it filed its summary judgment papers on September 15, 2004. Although the RCAB was obligated to identify "each individual likely to have discoverable information" as part of its initial disclosures filed on or about July 1, 2004, the RCAB never disclosed that it intended to rely on Dennis Connolly. While the RCAB may argue that the initial disclosure requirements do not apply to expert witnesses, this surreptitious disclosure bearing upon one of the most central issues in Phase I of discovery – the terms and conditions of policies – is severely prejudicial to LMC. Connolly opines that LMC's pre-1974 policies issued to the RCAB would have included Standard ISO Policy Forms. However, Connolly has no personal knowledge what forms LMC had been using prior to 1974, and has no factual basis for rendering such an opinion. At a minimum, LMC is entitled to depose the RCAB's expert witness and delve into these areas which are more than likely to raise additional issues of material fact.

**There is a Plausible Basis to Believe that Discoverable Materials Exist That Would Raise Issues of Material Fact.**

As set forth in the affidavit of attorney Anthony R. Zelle filed herewith, there is a plausible basis to believe that discoverable materials exist which would raise issues of material fact.  In its Summary Judgment Motion, the RCAB maintains that the undisputed material facts establish the following:  1) that LMC issued a general liability insurance policy to the RCAB for the period from 1961 to 1964; and 2) that the terms and conditions of the policies issued by LMC to the RCAB prior to 1974 are the same as those contained in standard ISO forms in effect for that time period.  Because no actual policies for these time periods have been located, RCAB must rely solely upon secondary evidence to establish its case.  However, before this Court may rely upon that secondary evidence, this Court must be satisfied that the RCAB conducted a diligent search for the policies.  Although the RCAB has steadfastly maintained that it has been unable to locate any policies or policy forms, a recent request to the parishes has unearthed 19 copies of Coverage Part 7 –Comprehensive General Liability Insurance and numerous other documents which purport to reflect the existence of policies.  Discovery seeking information about how and where these documents were "recently" located goes directly to the issue of the RCAB's due diligence.[3]

Furthermore, as detailed in LMC's pending Motions to Compel and the Affidavit of Anthony R. Zelle submitted herewith, the RCAB has withheld documents and testimony which likely bears on the RCAB's search for policies.   The RCAB cannot place these facts at issue,

---

[3] One of the pending Motions to Compel requests that LMC be permitted to reconvene the 30(b)(6) deposition of the RCAB to inquire about policy materials located through this recent production.  The production itself has established that the RCAB did in fact have in its possession critical documents that it claimed it had searched for but could never locate.  The question of the RCAB's "diligent search" efforts goes to the heart of the RCAB's ability to prove the existence and terms and conditions of the disputed lost policies.

then hide behind the shield of the attorney-client privilege or the work product doctrine to prevent LMC from obtaining discovery which is in the sole possession of the RCAB.

## CONCLUSION

For the foregoing reasons, LMC respectfully requests the following relief:

1. The Court grant this Motion and permit LMC to conduct additional discovery in connection with that portion of plaintiff's motion for partial summary judgment relating to the existence of policies for the period 1961-1964, and the terms and conditions of policies issued prior to March 31, 1974;

2. The Court permit LMC to depose the RCAB's expert, Dennis Connolly;

3. The Court refrain from ruling on those issues raised in the RCAB's Motion for Partial Summary Judgment which pertain to the (a) existence of policies for the period 1961-1964; (b) and the terms and conditions of policies issued prior to March 31, 1974; and (c) the application of the indemnity payments made for the settlement of sexual abuse claim to exhaust the policies stated aggregate limits, until such time as the Court has ruled on LMC's pending Motions to Compel and, if the rulings are favorable to LMC, permit LMC additional time to conduct the permitted discovery and submit additional filings in support of LMC's opposition the RCAB's Motion for Summary Judgment.

          Respectfully submitted,

          LUMBERMENS MUTUAL
          CASUALTY COMPANY

          By its counsel,

          */s/ Mary L. Cataudella*
          _____
          John E. Tener, BBO No. 563791
          Anthony R. Zelle, BBO No. 548141
          Mary L. Cataudella, BBO No. 553350
          Brian P. McDonough, BBO No. 637999
          Nancy M. Cremins, BBO No. 658932
          ROBINSON & COLE LLP
          One Boston Place
          Boston, MA 02108
          (617) 557-5900

Dated: October 1, 2004