## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Roman Catholic Archbishop of Boston, a Corporation Sole, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 04-10461-DPW ) |
| Lumbermens Mutual Casualty Company, | ) ) |
| Defendant. | ) ) ) |

## OPPOSITION TO LUMBERMENS MUTUAL CASUALTY COMPANY'S MOTION TO COMPEL FURTHER TESTIMONY OF THE RCAB'S 30(B)(6) DESIGNEE

The Roman Catholic Archbishop of Boston, a Corporation Sole (the "RCAB"), submits this Opposition to Lumbermens Mutual Casualty Company's ("LMC") Motion to Compel Further Testimony of the RCAB's 30(b)(6) Designee on the Subject of the Search for Evidence of Policies. LMC's Motion is an audacious attempt by LMC to divert attention from its years of deception by trying to blame the victim for not having caught the miscreant (LMC itself) sooner. The Motion should be denied in its entirety.

By its motion, LMC seeks to resume the 30(b)(6) deposition of Joseph F. McEnness, the Director of the RCAB's Office of Risk Management and Insurance, which was concluded on August 2, 2004. Mr. McEnness was designated by the RCAB, pursuant to Rule 30(b)(6), to testify on a number of topics, including efforts to locate policies. During his deposition, Mr. McEnness in fact was asked about the RCAB's search for evidence of policies. In the course of describing its efforts, he added that the RCAB (through counsel) recently had requested all parishes and institutions affiliated with the RCAB to undertake a search to locate any evidence of

coverage or other insurance-related documents. Counsel for the RCAB informed counsel for LMC at the deposition that materials had started coming in, and that a supplemental production to LMC would be made.

In fact, the RCAB made a supplemental production two days later, on August 4, 2004. The production included invoices from the RCAB to various parishes for insurance coverage from 1973 through 1983, and several LMC policy forms from 1974 or later. Counsel for LMC then used the documents contained in that supplemental production in several depositions over the ensuing month, including the deposition of Wilson D. Rogers, Jr., held on August 5, 2004. (Mr. Rogers was also a 30(b)(6) designee on various topics.) The documents also were used to examine Paul Fallon, the RCAB's former claims manager who actually performed the original search at the RCAB for old LMC policies. (Portions of Mr. Fallon's testimony have been submitted to the Court in connection with the Motion for Partial Summary Judgment.) LMC also deposed Arthur Powers, the RCAB's retired Director of Insurance who also had responsibility for the original search, and counsel for LMC also questioned Wilson D. Rogers, III about both the documents in the supplemental production and the supplemental production itself at his deposition on August 24, 2004.

Despite its use of the documents in multiple depositions, LMC did not request further 30(b)(6) testimony from the RCAB until September 9, 2004, over a month after the supplemental production of August 4, and six days after the close of Phase I discovery. This shortcoming was pointed out by counsel for the RCAB in his e-mail response to Mr. Tener's September 9, 2004 request.[1]

---

[1] This email, dated September 13, 2004, from counsel for the RCAB to Mr. Tener, is attached as Exhibit 1 to this Opposition. Mr. Tener did not attach it to his affidavit.

Joseph F. McEnness, the witness LMC seeks to recall, not only testified to the original search, but volunteered information about the RCAB's more recent search. The deposition of Mr. McEnness was concluded in approximately two hours; counsel for LMC showed him only one document. Simply because counsel for LMC now regrets that he chose not to question the witness further does not mean that the RCAB is now required to produce him after the close of discovery. As stated earlier, counsel for LMC received the supplemental production on August 4, 2004[2] (prior to the deposition of the RCAB's other 30(b)(6) witness), yet chose not to seek the recall of Mr. McEnness for over a month, waiting until after the close of discovery.

LMC now argues that the RCAB's supplemental production necessarily implies that it did not do a reasonably diligent search for the policies when it first sought coverage for this type of claim in the early 1990s, and, accordingly, that the RCAB is not entitled now to use secondary evidence to prove the existence and terms of the policies issued by LMC. The requirement that an insured demonstrate that it has made a diligent search for a missing policy as a precondition to using secondary evidence is an evidentiary rule, however, and arises only when documents or testimony are offered into evidence. *See Sylvania Electric Products, Inc. v. Flanagan*, 352 F.2d 1005, 1008 (1st Cir. 1965); *Burt Rigid Box, Inc. v. Travelers Property Casualty Corp.*, 302 F.3d 83, 91-92 (2nd Cir. 2002). As in *Burt Rigid*, LMC is treating the diligence requirement as if "it is an element to be proved by [the party seeking to use secondary evidence] … rather than a threshold evidentiary question." *Burt Rigid*, 302 F.3d at 92.

---

[2] A second supplemental production by the RCAB occurred on September 3, 2004. This production was similar in nature to that of August 4, 2004. The production consisted of materials from several parishes and institutions that replied after August 4, 2004. All of the documents specifically identified in LMC's Motion – the policy forms and invoices – were part of the RCAB's August 4, 2004 production (although additional copies may have been included in the September 3 production). LMC had all it needed on August 4 if it were serious about further examination of Mr. McEnness.

In order to use secondary evidence to prove the existence and terms of the policies issued by LMC in this litigation, the RCAB must have made a reasonably diligent search, but the cases do not require that the search have been conducted when the controversy first arose. It need only have been conducted before the secondary evidence is offered. *See Continental Ins. Co. v. The Roman Catholic Bishop of Fall River*, slip op., No. 92-12016-MA (D.Mass. Aug. 12, 1993). LMC can cite to no authority that holds that the RCAB must have completed a diligent search in 1992.

Finally, it defies credulity that LMC is now contending that the RCAB's recent discovery and production of policy forms from 1974 implies that the RCAB could not reasonably have relied on LMC's misrepresentations about the coverage, because the RCAB could have detected LMC's falsehoods early on, had it been more diligent. LMC was the issuer and enforcer of the policies, and had them in its possession, yet it now seeks to blame the RCAB for LMC's own wrongdoing and LMC tries to bind the RCAB to LMC's own misconduct. In any event, the issue of LMC's bad faith has been designated for Phase II discovery. Even if LMC and the RCAB were both simply mistaken about the applicability of the aggregate limits, that would not mean the RCAB is now somehow obligated to accept the existence and applicability of those "mistaken" limits. Instead, the parties now would simply have the opportunity to rectify that common mistake.

In sum, LMC's motion is nothing more than another transparent and fanciful attempt to delay this whole process and to avoid its obligations as insurer. Counsel for LMC was informed about the RCAB's request to the parishes and institutions on August 2, 2004, and was told that the materials received as a result of that search would be produced immediately – and they were. Counsel for LMC used those materials during the examination of several RCAB

witnesses, and yet waited over a month – until six days past the close of discovery – to request

further testimony from one of the RCAB's 30(b)(6) witnesses.  LMC's Motion for Protective

Order should be denied in its entirety.

ROMAN CATHOLIC ARCHBISHOP OF
BOSTON, A CORPORATION SOLE
By its attorneys,

/s/ Paul B. Galvani
Paul B. Galvani (BBO No. 183800)
Thomas H. Hannigan, Jr. (BBO No. 220420)
Bryan R. Diederich (BBO No. 647632)
Kate Cimini (BBO No. 654336)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Dated:  October 6, 2004