UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Roman Catholic Archbishop of Boston, a Corporation Sole, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 04-10461-DPW |
| Lumbermens Mutual Casualty Company, ) ) ) | |
| Defendant. ) ) | |

**OPPOSITION TO LUMBERMENS MUTUAL CASUALTY COMPANY'S MOTION TO COMPEL THE ROMAN CATHOLIC ARCHBISHOP OF BOSTON TO PRODUCE DOCUMENTS AND PROVIDE TESTIMONY**

The Roman Catholic Archbishop of Boston, a Corporation Sole (the "RCAB"), respectfully submits this Opposition to Lumbermens Mutual Casualty Company's ("LMC") Motion to Compel the RCAB to Produce Documents and Provide Testimony Regarding Subject Matters Placed "At Issue". Despite LMC's repeated misstatements that the RCAB has "refused" to produce documents relating to various topics, the only documents withheld from production by the RCAB have been identified either as privileged or work product, and have been included on the RCAB's privilege log. In any event, by this motion, LMC now seeks the production of all of the documents on the RCAB's privilege log relevant to the subject matter of Phase I discovery.[1]

LMC does not contend that the RCAB relied on specific documents in either its Complaint or Motion for Partial Summary Judgment, or that the RCAB relied on the advice of

---

[1] This is LMC's second attempt to secure copies of every document in the RCAB's privilege log. LMC earlier filed a Motion to Compel asserting that the RCAB's privilege log was somehow inadequate, resulting in a waiver. That Motion also has been opposed by the RCAB.

counsel for any of its claims or defenses. Instead, LMC argues that, simply by bringing suit, the RCAB has placed "at issue" all topics relevant to Phase I discovery, thereby waiving all privileges and work product protection for all documents relating to those topics. The only reason LMC gives for this stunning, counter-intuitive proposition is that the information is "relevant" to the RCAB's claims and defenses. LMC also states that it seeks the information in order to determine whether "reality comports with the positions espoused by the RCAB." Mere relevance, of course, does not suffice as the basis for an "at issue" waiver, and, as explained by the Supreme Judicial Court in *Darius v. City of Boston*, 433 Mass. 274, 280 (2001), a case upon which LMC in fact relies, to permit such an inquiry would "pry open the attorney-client relationship and strike at the very core of the privilege." Accordingly, LMC's Motion to Compel should be denied in its entirety.

## ARGUMENT

Although both the attorney-client privilege and work product protection can be impliedly waived by placing privileged communications at issue in civil litigation, "implied waivers are hen's teeth rare." *Federal Deposit Insurance Corporation v. R.W. Beck, Inc.*, 2004 WL 147579 (D.Mass.). "A court should begin its analysis with the presumption in favor of preserving the privilege." *Dedham-Westwood Water District v. National Union Fire Insurance Co.*, 2000 WL 33593142, *4 (Mass.Super.).

In order to establish an "at issue" waiver, LMC must first demonstrate that the RCAB has put the requested material "at issue" by some affirmative act. *See Darius*, 433 Mass. at 278-279. LMC contends that the RCAB has put all of the subject matters of Phase I discovery "at issue" by bringing the action, and, accordingly, waived all protection afforded the requested documents because they are "relevant" to those subject matters. However, a court "cannot justify finding a waiver of privileged information merely to provide the opposing party information helpful to its

cross-examination or because the information is relevant." *Dedham-Westwood*, 2004 WL 33593142, *4. The RCAB does not contend that any of the information it has withheld as privileged is not *relevant*; to the contrary, the relevance standard was used to determine which documents should either be produced or placed on the privilege log. However, a party does not waive the attorney-client privilege or work product protection by the simple act of bringing a suit to which privileged documents are relevant. If that were the case, every suit would result in a broad waiver by all parties. *See Dedham-Westwood*, 2004 WL 33593142, *4; *Hoechst Celanese Corporation v. National Union Fire Insurance Co.*, 623 A.2d 1118, 1125 (Del.Super. 1992)("[A] party does not waive the attorney-client privilege merely by bringing a suit in which the communications are relevant.").

Beyond the simplistic assertion of "relevance", LMC does not cite any connection between the claims or defenses raised by the RCAB in its complaint or motion for partial summary judgment and the documents requested; it only contends that it is entitled to examine the documents in order to better assess the "truthfulness" of the RCAB's pleadings and witnesses. This contention is nothing more than a thinly disguised attempt to ascertain whether the RCAB and its counsel may have communicated in a way contrary to what the RCAB stated in its responses to discovery, as was the City of Boston's attempt in *Darius*. *See Darius*, 433 Mass. at 280-281("The only reason that we can see for the city's attempting to obtain that information from the present counsel is to test the credibility of the plaintiffs – in other words, to see whether the plaintiffs confided in their counsel anything that contradicted their assertion.… We shall not allow the city to pit counsel against their clients in this fashion."). While this may be a valid objective in some other context, it does not suffice as the basis for an "at issue" waiver.

Moreover, except for the repeated incantation of "at issue", LMC makes no showing that the information sought is either "vital" to, or "enmeshed" in, its claims or defenses, so that non-disclosure would cause manifest unfairness to LMC.  *See Darius*, 433 Mass. at 283-284.  LMC does not even attempt to make either of these required showings, except through the use of conclusory statements.

## CONCLUSION

LMC's blunderbuss approach to an "at issue" waiver is contrary to the law in Massachusetts as set out by *Darius* and other cases cited in LMC's brief.  For the reasons stated, LMC's Motion to Compel should be denied in its entirety.

>Respectfully submitted,
>
>ROMAN CATHOLIC ARCHBISHOP OF BOSTON, a Corporation Sole
>
>By its attorneys,
>
>/s/ Paul B. Galvani
>Paul B. Galvani (BBO#183800)
>Thomas H. Hannigan, Jr. (BBO#220420)
>Bryan R. Diederich (BBO#647632)
>Kate Cimini (BBO#654336)
>Ropes & Gray LLP
>One International Place
>Boston, Massachusetts 02110-2624
>(617) 951-7000

Dated:  October 6, 2004