UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THE ROMAN CATHOLIC ARCHBISHOP OF BOSTON, A CORPORATION SOLE,<br>　　　　　Plaintiff,<br>　　v.<br>LUMBERMENS MUTUAL CASUALTY COMPANY,<br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A.04-10461-DPW |

**DEFENDANT'S MEMORANDUM IN RESPONSE TO
PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD**

Lumbermens Mutual Casualty Company ("LMC") does not oppose the motion of the Roman Catholic Archbishop of Boston, A Corporation Sole ("RCAB") to introduce into the record the "line card" attached as Ex. A to the memorandum of law submitted in support of plaintiff's motion. However, LMC submits this memorandum to refute the RCAB's characterization of the evidentiary value of the line card.

The line card provides some documentary evidence of a fact that is not in dispute: LMC issued a policy to the RCAB for the period from March 31, 1964 to March 31, 1967. Indeed, LMC's decision to acknowledge the existence of policies going back to 1964 was based upon information obtained from the line cards. However, the line card does not establish that a "prior policy was in place from 1961 to 1964." The RCAB argues that the line card is evidence of a pre-existing policy, because it refers policy number "2LL 64 263" and also has a notation in a box labeled "Replacing Policy Nos." The RCAB's construction of this writing disregards the notation under the line card which states: "NO POLICY INFORMATION PRIOR TO THIS ONE." Moreover, the identification of policy number 2LL 64 623 on the line card, as the

number that was replaced by policy number 4LL 64263A is insufficient to establish the existence of a policy pre-dating March 31, 1964. See Metlife Capital Corp. v. Westchester Fire Ins. Co., 224 F.Supp. 2d 374, 384 (D.P.R. 2002) ("the mention of a policy number in another document is insufficient to establish the existence or terms of insurance coverage").

The RCAB also contends that "[t]he line card is particularly relevant in putting to rest any notion of an alleged agreement [relating the policies' aggregate limits]." In this argument, the RCAB again grossly distorts the subject of the parties' dispute concerning the policies' aggregate limits.[1] As detailed in LMC's opposition to the RCAB's motion for partial summary judgment, to determine the applicability of aggregate limits, the court should consider the conduct of the RCAB as well as the specific terms of the policies. The RCAB has refused to produce documents or provide testimony on the subject of its knowledge or conduct relative to LMC's application of the payments of the sexual abuse claims against the policies' aggregate limits for a period of many years. The RCAB has also failed to explain why it waited until 2003 to raise the aggregate issue, despite the fact that from the time of the first claim it submitted to LMC in 1994, it had always had the Coverage Part 7 policy form in its possession. In suggesting that the line card puts the aggregate issue to rest, the RCAB also disregards the fact that it has no evidence of the terms or conditions of the policies issued prior to 1974.[2]

In the context of the record that has been established and the arguments that have been presented, the line card does not advance the RCAB's claim that LMC issued policies prior to

---

[1] The RCAB misconstrues LMC's defense to the claim that there are no aggregate limits applicable to the sexual abuse claims by suggesting that it depends on a "superceding agreement." Contrary to this suggestion, LMC's defense is not simply based on an "agreement," written or oral, that "supercedes the language of the policies." The bases of LMC's arguments that the RCAB is not entitled to receive more than $300,000 under any LMC policy are set forth in its opposition to the RCAB's motion for partial summary judgment.

[2] Apart from the conclusions set forth in the affidavit of its purported expert, which is the subject of a motion to strike.

1964 or that it is entitled to more than $300,000 in coverage under any of the primary policies that were issued by LMC.

                                                          LUMBERMENS MUTUAL
CASUALTY COMPANY

By its counsel,

_____
John E. Tener, BBO No. 563791
Anthony R. Zelle, BBO No. 548141
Mary L. Cataudella, BBO No. 553350
Brian P. McDonough, BBO No. 637999
Nancy M. Cremins, BBO No. 658932
ROBINSON & COLE LLP
One Boston Place
Boston, MA 02108
(617) 557-5900

Dated: October 26, 2004

**CERTIFICATE OF SERVICE**

     I hereby certify that on October 26, 2004, a copy of the foregoing was electronically served upon counsel for the plaintiff, Paul D. Galvani, Esq., Ropes & Gray LLP, One International Place, Boston, MA 02110.

_____
                Anthony R. Zelle