UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Roman Catholic Archbishop of Boston, a Corporation Sole,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Lumbermens Mutual Casualty Company,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 04-10461-DPW<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS PURSUANT TO THIS COURT'S ORDER DATED OCTOBER 28, 2004**

　　The Roman Catholic Archbishop of Boston, a Corporation Sole (the "RCAB"), respectfully submits this Motion to Compel the Production of Documents Pursuant to this Court's Order Dated October 28, 2004 from Lumbermens Mutual Casualty Company ("LMC"). LMC has failed and refused to comply with this Court's order to produce the documents, and the RCAB requests appropriate relief.

　　The RCAB filed a Motion to Compel the Production of Documents on September 3, 2004, and this Court allowed it by its order dated October 28, 2004 (with the limiting instruction that LMC must only produce those documents created prior to August 2003). By its order, the Court granted the RCAB's request that LMC produce all documents created prior to August 2003 relating to the subject matters of the Morrison, Mahoney opinion letters, all documents relating to the Reardon Memorandum, created prior to August 2003, and all documents related to the "Sidley Memorandum" created prior to August 2003. At the hearing on October 28, 2004, the Court set November 17, 2004 as the deadline for further filings related to the RCAB's

pending Motion for Partial Summary Judgment. The RCAB took it as a given that the documents would be produced so as to provide counsel for the RCAB a meaningful opportunity to review the documents prior to the filing deadline and the upcoming hearing. However, LMC has failed and refused to produce many documents subject to the Court's order.

By email dated November 1, 2004, counsel for LMC explicitly stated that they did not plan to produce the documents prior to the November 17th hearing, on the ground that the "coverage issues addressed in the Morrison, Mahoney coverage opinions have no bearing on the Phase I issues."[1] (*See* Exhibit A). Counsel for LMC also indicated that it is taking the position that there are no documents from the "Sidley & Austin files that were prepared prior to July 23, 2003."[2] By that same email, counsel for LMC indicated that the law firm of Tressler Soderstrom did not turn over all relevant documents to Robinson & Cole for production in the instant action, in violation of this Court's order dated June 3, 2004, and further stated that Robinson & Cole was planning to allow Tressler Soderstrom to review those files prior to their production. (*See* Exhibit A). This is in spite of LMC's earlier assertions that all relevant documents had either been produced or placed on its privilege log. On November 2, counsel for the RCAB renewed the RCAB's request for the documents, including those actually in Robinson & Cole's possession, and logged on its privilege log, as well as those in the possession of Tressler Soderstrom and LMC itself. (*See* Exhibit B). Counsel for the RCAB raised these issues again by email dated November 9, 2004, (*See* Exhibit D), as well as in person at the deposition of Dennis R. Connolly later that same day.

---

[1] This is not the case, as evidenced by the documents attached to the RCAB's concurrent Second Motion to Supplement the Record on Summary Judgment, which were produced by LMC on November 10, 2004.
[2] The RCAB also served a Subpoena Duces Tecum on the law firm of Sidley Austin Brown & Wood LLP. Sidley Austin's written objection is attached as Exhibit C.

On November 10, 2004, counsel for LMC produced documents that appear to have come from LMC's privilege log, and which were described via phone as documents from "LMC's files". On November 10, 2004, counsel for the RCAB requested the source of the documents produced, and renewed its request for the documents from Tressler Soderstrom and LMC's internal files, as well as unredacted copies of documents already produced. (*See* Exhibit E). On November 12, 2004, counsel for the RCAB spoke with counsel for LMC, and counsel for LMC indicated that the RCAB would receive the documents from Tressler Soderstrom by "next week", but not necessarily before the summary judgment hearing.

In light of the Court's wish to have the full record before it prior to the hearing on the RCAB's Motion for Partial Summary Judgment, LMC should be required to turn over these documents without further delay. Accordingly, the RCAB respectfully requests that this Court issue an order compelling the production of these documents, whether in the possession of Robinson & Cole, Tressler Soderstrom, or LMC, so as to allow the RCAB a meaningful opportunity to review the documents prior to the upcoming hearing.

        Roman Catholic Archbishop of Boston, a
        Corporation Sole
        By their attorneys,

        /s/ Kate Cimini
        Paul B. Galvani (BBO No. 183800)
        Thomas H. Hannigan, Jr. (BBO No. 220420)
        Bryan R. Diederich (BBO No. 647632)
        Kate Cimini (BBO No. 654336)
        Ropes & Gray LLP
        One International Place
        Boston, Massachusetts 02110-2624
        (617) 951-7000

Dated: November 12, 2004

## Local Rule 7.1(A)(2) Certification

I, Bryan R. Diederich, attorney for the Roman Catholic Archbishop of Boston, a Corporation Sole, hereby certify that I have conferred with counsel for LMC regarding the subject of the instant motion and we attempted in good faith to resolve or narrow the issues raised by the instant motion.

/s/ Bryan R. Diederich_____