## Cimini, Kate

| | |
|---|---|
| **From:** | Diederich, Bryan R. |
| **Sent:** | Tuesday, November 02, 2004 4:13 PM |
| **To:** | 'Zelle, Tony R.' |
| **Cc:** | Galvani, Paul B.; Hannigan, Thomas H. Jr.; Cimini, Kate |
| **Subject:** | RE: Sidley & Austin Subpoena |

Tony,

Thank you for your response. We understand that it is your position that, based on your review of the Sidley Austin documents, there are no documents that touch on any of the many subjects on which the Court has ruled we are entitled to discovery. I find it inconceivable that Sidley Austin has no documents on any of these subjects: how it engaged in an analysis regarding the impact of the purported underlying aggregates on reinsurance (see LM 168381) without considering the issue of the underlying aggregates is beyond us. In any event, we are not required to rely on your review of the documents from Sidley Austin. We have reissued our subpoena to Sidley Austin and are entitled to hear directly from them whether they have documents responsive to the topics outlined in our subpoena.

With regard to your comments about the review of documents from other firms, we cannot fathom the grounds for your statement that the topics in the Morrison Mahoney letters have no bearing on issues for Phase I. In the laundry list of topics as to which you have waived privilege (listed in our motion and by Judge Woodlock at the hearing on October 28) are issues such as the existence of aggregates in the underlying policies and proving the terms and conditions of lost policies, issues directly implicated in Phase I. Since the Court has indicated that it wants to decide the summary judgment motion with the benefit of the full record, if you will not provide responsive documents by November 9, we will seek appropriate relief from the Court.

Further, I note that your email does not respond to my request that you provide us with documents held by LMC (as opposed to those held by LMC's law firms) and that you provide us with unredacted versions of documents already produced. Please confirm that you will produce LMC's internal documents as well as unredacted documents already produced by November 9. Should you refuse to undertake to provide us with these documents, we will seek relief from the Court. Finally, I note that you repeatedly reference July 23, 2003 as the cut-off date for your waiver of privilege. This is contrary to the Court's order, which covers up to August 2003.

Regards,

Bryan

> -----Original Message-----
> **From:** Zelle, Tony R. [mailto:tzelle@rc.com]
> **Sent:** Monday, November 01, 2004 3:16 PM
> **To:** Diederich, Bryan R.
> **Subject:** Sidley & Austin Subpoena
>
> Bryan:
>
> I have reviewed the documents from the Sidley & Austin files that were prepared prior to July 23, 2003 and there are no documents that fall within the scope of discovery permitted by the court's October 28, 2004 ruling.
>
> With respect to the Tressler Soderstrom files, although a number of documents have been provided to us and were listed on the privilege log, we feel that a more comprehensive review and production can be achieved by the Tressler firm itself and we have asked them to commence that review. However, the responsive documents will not be produced by



EXHIBIT B

November 9. The court did not order their production prior to the November 17th hearing, presumably because Judge Woodlock recognized that the coverage issues addressed in the Morrison, Mahoney & Miller coverage opinions have no bearing on the Phase I issues.

If there are any other documents concerning the issues addressed in the Morrison, Mahoney & Miller coverage opinions, whether prepared by the Morrison firm, Gallagher & Gallagher, or anyone else, we will provide them to you as soon as possible.

Best regards,

**Anthony R. Zelle**  

Robinson & Cole LLP
One Boston Place
Boston, MA 02108-4404
Direct (617) 557-5937 | Fax (617) 557-5999
tzelle@rc.com | www.rc.com
Bio | Contact Card

ROBINSON & COLE LLP
Boston   New London   Hartford   Stamford   Greenwich   New York   Sarasota

-----Original Message-----
**From:** Diederich, Bryan R. [mailto:BDiederich@ropesgray.com]
**Sent:** Monday, November 01, 2004 12:57 PM
**To:** jtener@rc.com
**Cc:** Cataudella, Mary L.; Zelle, Tony R.; McDonough, Brian P.
**Subject:**

Dear John,

I write to follow up on issues raised in the wake of last week's hearing. First, the Court has ordered the production of documents prior to August 2003 that touch on the topics covered in the Morrison Mahoney opnion letters. In order to provide us with a meaningful opportunity to review those documents prior to the next hearing, we ask that you provide documents (both internal to Kemper and those involving Kemper's various outside law firms, including the Tressler frim, Morrison Mahoney, Sidley Austin, and Gallagher & Gallagher) no later than November 9, 2004. In addition, we note that some of the documents already produced that predate August 2003 have been redacted and ask that your supplemental production include unredacted versions of those documents as well.

Second, with regard to the four-hour deposition of Mr. Connolly, we note that Mr. Connolly, who has agreed to be available on short notice, is based near New York and propose to proceed with his deposition in New York on November 9. I am working to establish availability for the RCAB's 30(b)(6) designee for one hour of deposition and will be back to you with a proposed date shortly.

Bryan

---

Bryan R. Diederich
T 617 951-7042
F 617 951-7050
bdiederich@ropesgray.com

**ROPES & GRAY LLP**
One International Place Boston Massachusetts 02110

---
This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If it is not clear that you are the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you suspect that you have received this communication in error, please notify us immediately by telephone at 1-860-275-8200, or e-mail at it@rc.com and immediately delete this message and all its attachments.

---