UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

THE ROMAN CATHOLIC ARCHBISHOP
OF BOSTON, A CORPORATION SOLE,

        Plaintiff,

v.

LUMBERMENS MUTUAL CASUALTY
COMPANY,

        Defendant.

Civil Action No. 04-10461-DPW

---

## LUMBERMENS MUTUAL CASUALTY COMPANY'S MOTION TO COMPEL THE ROMAN CATHOLIC ARCHDIOCESE OF BOSTON, A CORPORATION SOLE, TO RESPOND TO THE FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Lumbermens Mutual Casualty Company ("LMC"), pursuant to Local Rule 37(a)(2)(b), hereby moves this Court to compel the Roman Catholic Archbishop of Boston, A Corporation Sole ("RCAB"), to produce written responses to LMC's First Request for Production of Documents ("Request for Production"), served on October 15, 2004, and to produce documents responsive to same.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the RCAB was required to respond to LMC's Request for Production within 30 days after the service of the Request for Production, stating with respect to each request, that inspection and copying of documents would be permitted unless the request was objected to, in which case the RCAB had to provide with specificity, the basis the for the objection. The RCAB has failed to respond to the Request for Production in accordance with the Federal Rules.

Instead, by letter dated October 20, 2004 (attached as Exhibit A), the RCAB stated that it was "premature to start discovery on Phase II," and that the parties should await the orders of the Court. In a second letter dated November 17, 2004 (attached as Exhibit B), the RCAB continued to refuse to respond to LMC's Request for Production, again arguing that LMC's request was "premature."

Despite consistently haranguing the Court about the necessity for expeditious discovery in this matter, the RCAB apparently has no problem with dilatoriness on its own part. Moreover its arguments concerning the need for guidance from the Court are transparent, as even its own proposed discovery order for Phase II includes the right to propound document requests. If the RCAB believes a particular document request to be objectionable, it should so state in its response, as required by the rules.

**Wherefore,** for all of the foregoing reasons, LMC requests that this Court order:

1. That the RCAB must serve written responses to LMC's First Request for Production of Documents, immediately, stating with respect to each item or category that inspection and related activities will be permitted as requested, or stating its reasons for objection(s); and

2. That the RCAB must produce copies of non-privileged documents responsive to LMC's requests, immediately.

2

Respectfully submitted,

LUMBERMENS MUTUAL CASUALTY COMPANY,

By its attorneys,
ROBINSON & COLE LLP

*/s/ Anthony R Zelle*

---

John E. Tener, BBO No. 563791
Mary L. Cataudella, BBO No. 553350
Anthony R. Zelle, BBO No. 548141
Brian P. McDonough, BBO No. 637999
Nancy M. Cremins, BBO No. 658932
Robinson & Cole LLP
One Boston Place
Boston, Massachusetts 02108
(617) 557-5900

November 23, 2004

## Local Rule 7.1(A)(2) Certificate

I, Nancy M. Cremins, attorney for defendant Lumbermens Mutual Casualty Company in the above captioned matter, hereby certify that on November 23, 2004 I conferred with counsel for the plaintiff regarding the subject of the within motion and that we attempted in good faith to resolve or narrow the issues raised by the instant motion.

/s/ Nancy M. Cremins
Nancy M. Cremins

3