UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| Roman Catholic Archbishop of Boston, a Corporation Sole, ) ) ) ) Plaintiff, ) ) v. ) ) Lumbermens Mutual Casualty Company, ) ) Defendant. ) ) | Civil Action No. 04-10461-DPW |

## THE ROMAN CATHOLIC ARCHBISHOP OF BOSTON'S OPPOSITION TO LMC'S MOTION TO COMPEL

The Roman Catholic Archbishop of Boston, a Corporation Sole (the "RCAB"), submits this Opposition to Lumbermens Mutual Casualty Company's ("LMC") Motion to Compel the Production of Documents.[1] By its request for documents, and its subsequent motion, LMC seeks material that is, without exception, either duplicative or irrelevant.[2]

The material sought by LMC seems to fall into two categories: materials contained in the RCAB's priest personnel files (including "confidential files"); and documents relating to the RCAB's search for insurance materials.[3] The latter avenue of inquiry was covered in Phase I and any alleged need for further inquiry was foreclosed by this Court's ruling at the hearing held

---

[1] The RCAB has responded to LMC's Request for the Production of Documents. The RCAB's Response is attached as Exhibit A.

[2] In its Motion, LMC does not elaborate on its rationale for seeking this information, so we are left to speculate.

[3] Other than the two categories described in the text, Request No. 6 seeks all documents "relating to the RCAB's practice and policy … to share information concerning the complaints of sexual abuse with only a small number of senior RCAB officials ..." and Request No. 13 seeks all documents prepared, received, or maintained by the RCAB relating to Dr. Conrad Baars 1971 study …." LMC cites no basis for requesting any such materials, which, if they even exist, are facially irrelevant.

on November 17, 2004.[4]

With respect to the request for additional priest personnel files, LMC faces multiple objections, not the least of which is the fact that the RCAB already has produced *all* documents relevant to the instant action. The scope of discovery concerning priests' files in fact was resolved by this Court in connection with its initial scheduling order, issued on June 3, 2004. The RCAB was required to produce only those portions of the priest files that are potentially relevant to LMC's claims or defenses. The RCAB complied with that order, and LMC has shown no basis to revisit the issue now. The Attorney General's report, moreover, upon which LMC states, in fn.1 and ¶19 of its Counterclaim, that it relies, (a) does not deal with the time periods relevant to these proceedings, and (b) in fact expressly contradicts LMC's Counterclaim, as shown below.

In sum, LMC is not entitled to any additional documents, because its request is either duplicative and moot, or inconsistent with the mandate of the Federal Rules that a party may only seek discovery "relevant to the claim or defense of any party …." Fed. R. Civ. P. 26(b)(1).

## ARGUMENT

Several of LMC's requests either directly or implicitly request the production of priests' personnel files (including "confidential files") maintained by the RCAB. *See* Def's First Req. for the Production of Documents, Request Nos. 1, 2, 4 &7. At the outset of discovery, LMC sought the production of all personnel files. *See* 6/3/04 Hr'g Tr. 40:13-20. During argument on June 3, 2004, counsel for LMC narrowed its request to all allegations of sexual misconduct by priests whose activities were the subject of a claim, for which the RCAB is presently seeking

---

[4] LMC's Requests numbered 8 through 12 all deal with the RCAB's retention of and search for insurance materials, which were subjects of Phase I discovery. While the RCAB has no objection to these requests – save that they are untimely – all documents responsive to these requests were produced at the time of initial disclosures and through

payment from LMC. *See* id. at 48:17-25. The Court considered LMC's request and ordered that the RCAB turn over the files of individual priests as to whom claims have been made that touch upon prior notice of similar conduct. *See* id. at 56:8-24; 61:19-25. This order was not limited to Phase I issues; rather, the Court concurrently ruled that the production of *all* relevant documents was to occur as part of the initial disclosures. *See* id. at 29:15-32:2. The RCAB has long since complied with this order.[5] Now LMC is attempting to revisit this ruling and obtain additional documents that do not relate to priests named in the claims for which the RCAB seeks indemnity, as well as to events occurring after the end of the LMC coverage period. Nothing that LMC now asserts warrants a second bite at this apple, nor countenances LMC's attempt to circumvent the Court's original order.

Finally, even if the materials produced by the RCAB to the Attorney General were neither duplicative of documents produced to LMC nor irrelevant to LMC's claims or defenses – a proposition the RCAB denies – LMC is not entitled to them. Inherent in the Federal Rule's limitation of discovery to information relevant to a party's claims or defenses is the notion that the party must have a good faith basis for believing that its discovery will yield evidence relevant to its litigation position. *Cf. Moldenhauer v. United States*, 958 F.Supp. 394, 396 (C.D. Ill. 1996). The Attorney General's report, however, itself demonstrates that LMC's request for all documents produced to the Attorney General cannot be founded in a good faith belief that they will yield any evidence relevant to this action.

---

supplemental productions completed before the RCAB's motion for summary judgment. Moreover, this line of inquiry was foreclosed at the hearing held on November 17, 2004.

[5] It appears that LMC has had much of the material it now requests. LMC, as part of its initial disclosures, produced approximately 30,000 pages of materials to the RCAB that it identifies as "Documentation Regarding Accused RCAB Employees." *See* Letter from Mary Cataudella to Kate Cimini, dated July 16, 2004, enclosing a chart purporting to identify by "bates range the source and/or type of files produced in LMC's Initial Disclosures," which indicates that documents bates-stamped LM0045023-LM0077539 comprise "Documentation Regarding Accused RCAB Employees," attached as Exhibit B.

First, the Attorney General's report is, by its own terms, a document "focused primarily on the nineteen years – 1984 to 2002 – when Cardinal Law was Archbishop of the Archdiocese of Boston." *See* Office of the Atty. Gen. of the Commonwealth of Mass., *The Sexual Abuse of Children in the Roman Catholic Archdiocese of Boston*, app. 1, 1-3 (2003). The incidents of abuse relevant to this action all predate 1984, because LMC stopped providing insurance coverage to the RCAB on March 31, 1983. Accordingly, documents relating to later years are irrelevant.

Second, the Attorney General in fact concluded, after reviewing the documents that LMC seeks and after interviewing many witnesses, that "[t]he investigation did not produce evidence that senior Archdiocese managers encouraged priests to abuse children [or] intended that priests would abuse children …." *Id.* at 22. This finding contradicts LMC's "expected or intended" defense, and, therefore, negates any argument of LMC to pursue further discovery into the matter.[6] *See Collins v. Walden*, 834 F.2d 961, 965 (11th Cir. 1987)("When it becomes apparent that discoverable evidence will not bear out the claim, the litigant and the attorney have a duty to discontinue their quest.").

## CONCLUSION

LMC's Motion to Compel should be denied in its entirety.

---

[6]Massachusetts law imposes a heavy burden on an insurer seeking to preclude coverage on the ground that the bodily injury was "expected or intended from the standpoint of the insured." An insurer must show that the "insured knew to a substantial certainty that the bodily injury would result." *Quincy Mutual Fire Insurance Company v. Abernathy*, 393 Mass. 81, 86, 469 N.E.2d 797 (1984). An injury is "nonaccidental only where the result was actually, not constructively, intended, i.e. *more than recklessness*." *Worcester Insurance Company v. Fells Acre Day School, Inc.*, 408 Mass. 393, 411, 558 N.E.2d 958 (1990).

-5-

        Roman Catholic Archbishop of Boston, a
        Corporation Sole
        By its attorneys,

        /s/ Paul B. Galvani
        Paul B. Galvani (BBO No. 183800)
        Thomas H. Hannigan, Jr. (BBO No. 220420)
        Bryan R. Diederich (BBO No. 647632)
        Kate Cimini (BBO No. 654336)
        Ropes & Gray LLP
        One International Place
        Boston, Massachusetts 02110-2624
        (617) 951-7000

Dated: December 2, 2004