UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Roman Catholic Archbishop of Boston, a Corporation Sole,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Lumbermens Mutual Casualty Company,<br><br>　　　　　　Defendant. | Civil Action No. 04-10461-DPW |

**THE RCAB'S RESPONSE TO DEFENDANT'S FIRST
REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff the Roman Catholic Archbishop of Boston, a Corporation Sole (the "RCAB") responds to Defendant Lumbermens Mutual Casualty Company's ("LMC") First Request for the Production of Documents (the "Request") as follows:

**GENERAL OBJECTIONS AND RESPONSES**

1.　　The RCAB is providing this response and produces documents pursuant thereto without waiver or prejudice to its rights, at any later time, to raise objections to (a) any further demand or discovery involving or relating to the matters raised in the Request, or (b) the relevance, materiality, or admissibility of the Request itself, statements made in response to the Request or any document produced pursuant to the Request.

2.　　The RCAB undertakes to respond to the Request and to provide documents in response to the Request only to the extent called for by Federal Rules of Civil Procedure 26 and 34. The RCAB objects

9595119.1

to the Request to the extent that it calls for the RCAB to undertake to respond or provide documents in any manner inconsistent with or beyond the terms of those Rules.

3. The RCAB objects to the Request as calling for the production of documents protected by the attorney-client privilege, the work product doctrine, or applicable religious protections under the United States and Massachusetts Constitutions. In the event any privileged or otherwise protected document is disclosed, the disclosure is inadvertent and does not constitute a waiver of any privilege or protection.

4. The specific responses set forth below and the documents produced pursuant to the Request are based on information now available to the RCAB after having made a diligent search of the files in its custody, control and possession that reasonably relate to one or more of the specific requests. The RCAB objects to the Request insofar as it calls for the production of documents not within the custody, control or possession of the RCAB that could only be located by a search of files not reasonably related to the one or more of the specific requests.

5. The RCAB objects to the Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it calls for the production of documents related to time periods outside the period for which LMC provided insurance coverage to the RCAB.

6. The RCAB objects to the production of any document falling within the General Objections set forth above. In the event any document falling within such an objection is produced by the RCAB, the production is inadvertent and does not constitute a waiver of the objection.

7. Any statement by the RCAB that it "will" produce documents responsive to a specific request is not an acknowledgement that such document exists, is within the custody, possession or control of the

-2- 9595119.1

RCAB, or has not already been produced, but only that responsive documents, to the extent that they exist and are within the RCAB's custody, possession or control will be or have been produced to LMC. The RCAB specifically notes that, pursuant to the Court's order of June 3, 2004, it has already produced all documents relevant to this action.

8. The specific responses set forth below each incorporate by reference to the general objections stated above.

## SPECIFIC RESPONSES

### Document Request No. 1

All documents provided by the RCAB to the Commonwealth of Massachusetts Office of the Attorney General in connection with the Office of the Attorney General's investigation and report entitled *The Sexual Abuse of Children in the Roman Catholic Archdiocese of Boston*, dated July 23, 2003. (For ease of reference, a copy of the Attorney General's Report entitled *The Sexual Abuse of Children in the Roman Catholic Archdiocese of Boston*, is attached.)

### Response to Request No. 1

The RCAB objects to Request No. 1 as overly broad and unduly burdensome to the extent that it seeks the productions of documents for the time period for which LMC did not provide insurance to the RCAB. The RCAB further objects to Request No. 1 as inconsistent with the Court's order of June 3, 2004, which limited LMC's discovery to information from the RCAB's files that touched upon issues of prior notice. Subject to, and without waiving the above objections, the RCAB will provide any non-privileged documents responsive to this request that it has not yet produced.

### Document Request No. 2

The RCAB's files, referenced on page 26 of the Attorney General's Report entitled *The Sexual Abuse of Children in the Roman Catholic Archdiocese of Boston*, of "more than 102 priests alleged to have abused children since 1940."

### Response to Request No. 2

The RCAB objects to Request No. 2 as overly broad and unduly burdensome to the extent that it seeks the productions of documents for the time period for which LMC did not provide insurance to the RCAB. The RCAB further objects to Request No. 2 as inconsistent with the Court's order of June 3, 2004, which limited LMC's discovery to information from the RCAB's files that touched upon issues of prior notice. Subject to, and without waiving the above objections, the RCAB will provide any non-privileged documents responsive to this request that it has not yet produced.

**Document Request No. 3**

All documents prepared by Sister Catherine Mulkerrin in connection with her efforts, referenced on page 29 of the Attorney General's Report entitled *The Sexual Abuse of Children in the Roman Catholic Archdiocese of Boston*, to "compile information on allegations by more than 200 people that they had been abused as children by more than 100 priests in the Archdiocese."

**Response to Request No. 3**

The RCAB objects to Request No. 3 as overly broad and unduly burdensome to the extent that it seeks the productions of documents for the time period for which LMC did not provide insurance to the RCAB. The RCAB further objects to Request No. 3 as inconsistent with the Court's order of June 3, 2004, which limited LMC's discovery to information from the RCAB's files that touched upon issues of prior notice. Subject to, and without waiving the above objections, the RCAB will provide any non-privileged documents responsive to this request that it has not yet produced.

**Document Request No. 4**

All documents reviewed by Sister Catherine Mulkerrin in connection with her efforts, referenced on page 29 of the Attorney General's Report entitled *The Sexual Abuse of Children in the Roman Catholic Archdiocese of Boston*, to "compile information on allegations by more than 200 people that they had been abused as children by more than 100 priests in the Archdiocese."

**Response to Request No. 4**

The RCAB objects to Request No. 4 as overly broad and unduly burdensome to the extent that it seeks the productions of documents for the time period for which LMC did not provide insurance to the RCAB. The RCAB further objects to Request No. 4 as inconsistent with the Court's order of June 3,

-4-9595119.1

2004, which limited LMC's discovery to information from the RCAB's files that touched upon issues of prior notice. Subject to, and without waiving the above objections, the RCAB will provide any non-privileged documents responsive to this request that it has not yet produced.

**Document Request No. 5**

All documents relating to the RCAB's "decision" referenced on page 30 of the Attorney General's Report entitled *The Sexual Abuse of Children in the Roman Catholic Archdiocese of Boston*, to "conceal -- from the parishes, the laity, law enforcement and the public -- their knowledge of individual complaints of abuse and the long history of such complaints within the Archdiocese."

**Response to Request No. 5**

The RCAB objects to Request No. 5 insofar as it calls for the production of documents protected by the attorney-client privilege, the work product doctrine, or applicable religious protections under the United States and Massachusetts Constitutions. The RCAB further objects to Request No. 5 as vague in that it assumes that such a "decision" was taken during the period that LMC provided insurance to the RCAB, if at all, and as overly broad and unduly burdensome to the extent that it seeks the productions of documents for the time period for which LMC did not provide insurance to the RCAB. The RCAB further objects to Request No. 5 as inconsistent with the Court's order of June 3, 2004, which limited LMC's discovery to information from the RCAB's files that touched upon issues of prior notice. Subject to, and without waiving the above objections, the RCAB will provide any non-privileged documents responsive to this request that it has not yet produced.

**Document Request No. 6**

All documents relating to the RCAB's "practice and policy" referenced on page 30 of the Attorney General's Report entitled *The Sexual Abuse of Children in the Roman Catholic Archdiocese of Boston*, to share information concerning the complaints of sexual abuse with only the small number of senior RCAB officials who were responsible for fashioning the RCAB's response to harm caused by the abuse.

**Response to Request No. 6**

The RCAB objects to Request No. 6 insofar as it calls for the production of documents protected by the attorney-client privilege, the work product doctrine, or applicable religious protections under the

-5-9595119.1

United States and Massachusetts Constitutions. The RCAB further objects to Request No. 6 as vague in that it assumes that such a "practice and policy" indeed existed and as overly broad and unduly burdensome to the extent that it seeks the productions of documents for the time period for which LMC did not provide insurance to the RCAB. The RCAB further objects to Request No. 6 as being outside the scope of permissible discovery in that the RCAB's disclosure of information to outside parties is immaterial to the question of the RCAB's disclosure of information to LMC. Subject to, and without waiving the above objections, the RCAB will produce any non-privileged documents responsive to this request that it has not yet produced.

**Document Request No. 7**

The personnel files and "confidential files" of all priests whose alleged conduct gave rise to claims for which the RCAB has claimed or is claiming coverage under insurance policies issued by LMC. As used in this request, the term "confidential files" has the meaning ascribed to it in the context of the following statement on page 40 of the Attorney General's Report entitled *The Sexual Abuse of Children in the Roman Catholic Archdiocese of Boston*: "As part of the procedure, Bishop McCormack also would review the priest's **confidential files** to determine whether there were previous incidents of sexual abuse of children known by the Archdiocese." (Emphasis added.)

**Response to Request No. 7**

The RCAB objects to Request No. 7 insofar as it calls for the production of documents protected by the attorney-client privilege, the work product doctrine, or applicable religious protections under the United States and Massachusetts Constitutions. The RCAB further objects to Request No. 7 as overly broad and unduly burdensome as it calls for the productions of documents unrelated to any time period for which LMC provided insurance to the RCAB. The RCAB further objects to Request No. 7 as inconsistent with the Court's order of June 3, 2004, which limited LMC's discovery to information from the RCAB's personnel files (including "confidential files") that touched upon issues of prior notice. To the extent that Request No. 7 seeks relevant documents, those documents have already been produced by the RCAB.

**Document Request No. 8**

All documents relating to the RCAB's search for insurance policies issued by LMC prior to January 1, 2004.

**Response to Request No. 8**

The RCAB objects to Request No. 8 on the ground that it has been mooted by the Court's rulings at the hearing held on November 17, 2004, and that it is tardy in light of the Court's scheduling order.

**Document Request No. 9**

All documents relating to the RCAB's search for insurance policies issued by LMC after January 1, 2004.

**Response to Request No. 9**

The RCAB objects to Request No. 9 on the ground that it has been mooted by the Court's rulings at the hearing held on November 17, 2004, and that it is tardy in light of the Court's scheduling order.

**Document Request No. 10**

All documents prepared by or on behalf of the RCAB relating to the reduction or exhaustion of the LMC policies' aggregate limits by payments made by LMC to indemnify the RCAB for payments made to settle claims for sexual abuse.

**Response to Request No. 10**

The RCAB objects to Request No. 10 on the ground that it has been mooted by the Court's rulings at the hearing held on November 17, 2004, and that it is tardy in light of the Court's scheduling order.

**Document Request No. 11**

All documents reviewed by or on behalf of the RCAB relating to the reduction or exhaustion of the LMC policies' aggregate limits by payments made by LMC to indemnify the RCAB for payments made to settle claims for sexual abuse.

**Response to Request No. 11**

The RCAB objects to Request No. 11 on the ground that it has been mooted by the Court's rulings at the hearing held on November 17, 2004, and that it is tardy in light of the Court's scheduling order.

**Document Request No. 12**

-7- 9595119.1

All documents relating to RCAB's retention or destruction of insurance policies or other documents created, received or maintained by the RCAB's insurance department.

**Response to Request No. 12**

The RCAB objects to Request No. 12 on the ground that it has been mooted by the Court's rulings at the hearing held on November 17, 2004, and that it is tardy in light of the Court's scheduling order.

**Document Request No. 13**

All documents prepared, received or maintained by the RCAB's relating to Dr. Conrad Baars 1971 study "The Role of the Church in the Causation, Treatment and Prevention of the Crisis in the Priesthood."

**Response to Request No. 13**

The RCAB objects to Request No. 13 as overbroad and unduly burdensome inasmuch as there is no reasonable method of locating all documents which might comment on or mention a "study" authored more than 20 years ago. The RCAB further objects on the ground that this request is not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving the above objections, the RCAB will produce any non-privileged documents, if any such documents exist, responsive to this request that it has not yet produced.

Roman Catholic Archbishop of Boston, a
Corporation Sole
By their attorneys,

*Kate Cimini*
Paul B. Galvani (BBO No. 183800)
Thomas H. Hannigan, Jr. (BBO No. 220420)
Bryan R. Diederich (BBO No. 647632)
Kate Cimini (BBO No. 654336)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Dated: December 2, 2004

## Certificate of Service

     I certify that on December 2, 2004, a copy of the foregoing Plaintiff's Response to Defendant's First Request for Production of Documents was served upon counsel for the defendant, John E. Tener, Esq., attorney for the Lumbermens Mutual Casualty Company, Robinson & Cole LLP, One Boston Place, Boston, MA 02110, by e-mail and first class mail.

_____
Kate Cimini