UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THE ROMAN CATHOLIC ARCHBISHOP
OF BOSTON, A CORPORATION SOLE,

        Plaintiff,

v.

LUMBERMENS MUTUAL CASUALTY
COMPANY,

        Defendant.

Civil Action No. 04-10461-DPW

**LUMBERMENS MUTUAL CASUALTY COMPANY'S MOTION TO
COMPEL THE ROMAN CATHOLIC ARCHDIOCESE OF BOSTON, A
CORPORATION SOLE, TO PRODUCE DOCUMENTS IN RESPONSE TO
THE FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Lumbermens Mutual Casualty Company ("LMC"), pursuant to Local Rule 37(a)(2)(b), hereby moves this Court to compel the Roman Catholic Archbishop of Boston, A Corporation Sole ("RCAB"), to produce documents responsive to LMC's First Request for Production of Documents ("Request for Production"), served on October 15, 2004. Despite its representations to this Court that it seeks to proceed on an accelerated basis, it has been nearly two months and the RCAB has failed to produce a single document in response to LMC's document request. Moreover, the RCAB has objected to every single request which is further impeding the efforts by LMC to move this case toward resolution.

Due to the RCAB's refusal to timely respond to LMC's Request for Production in accordance with the Federal Rules, LMC filed a Motion to Compel which was considered by the Court on November 23, 2004. This Court ordered the RCAB to respond to LMC's request for

production by December 2, 2004.  The RCAB has served written responses, objecting to every request on a number of grounds, and has not produced any documents.  The RCAB engaged in further dilatory tactics by filing an Opposition to LMC's Motion to Compel with its Response to LMC's Request for Production on December 2, 2004.  This Motion was directly against the advisement that this Court did not "look forward to spending lots of time on discovery disputes in this case."  (11/23/04 Hearing Tr. 6:24-7:1 attached as Ex. A).  During the Scheduling Conference, the RCAB sidestepped the Court's direct inquiries regarding when the RCAB would respond to LMC's Request for Production by producing documents (11/23/04 Hearing Tr. 3:16-3:20 attached as Ex. A), and has continued to evade its responsibility to produce documents responsive to LMC's requests.

On December 7, 2004,[1] LMC sent correspondence to the RCAB expressing its concerns about the RCAB's failure to produce documents and addressing the RCAB's objections to LMC's Request for Production. (attached as Ex. B).  In addition, in an effort to assist the RCAB with its production of documents and in response to the RCAB's statements at the Scheduling Conference that it was unable to identify what was turned over to the Attorney General, LMC contacted the Massachusetts Attorney General's Office.  The Attorney General's Office informed LMC's counsel that there were more than 100 boxes of documents dating back more than six decades.  As was detailed in the December 7, 2004 letter, LMC's counsel was also informed that upon request and authorization from the RCAB, it would make all of the documents produced available for inspection and copying.  To date the RCAB has refused to grant this authority to the Attorney General's Office, and has not responded to the December 7 letter from LMC's counsel.   Clearly, where the RCAB has not maintained a complete set of the

---

[1] This letter is incorrectly dated on page 1 as October 15, 2004.  Page 2 shows the correct date of December 7, 2004.

documents turned over to the Attorney General's Office, the RCAB must permit the Attorney General's Office to provide LMC copies of this material. Moreover, as many of the documents turned over to the Attorney General's Office were original documents, which the RCAB no longer possesses and which cannot be copied in a manner that clearly reflects their content, LMC should be afforded the opportunity to examine the originals.

While the RCAB insists on setting unrealistic deadlines for discovery and accusing LMC of causing undue delay, it is the RCAB who flatly refuses to comply with its own expedited schedule. LMC does not want to bog down this Court's docket with troublesome discovery motions, however, to move forward LMC needs its requested discovery to establish its defenses and counterclaims. The RCAB will clearly not provide these materials unless compelled by the Court to do so.

**Wherefore**, for all of the foregoing reasons, LMC requests that this Court order:

1. That the RCAB must produce copies of all non-privileged documents responsive to LMC's requests that are in its possession within ten days, along with a privilege log of any documents withheld.

2. In addition, with respect to the documents produced to the Massachusetts Attorney General's Office, the RCAB must grant the Attorney General's Office authority to make all of the documents available for inspection and copying and scanning.

3. Due to the delay caused by the RCAB's conduct, all of the deadlines set by this court during the November 23, 2004 scheduling conference should be extended by 30 days.

Respectfully submitted,

LUMBERMENS MUTUAL CASUALTY COMPANY,

By its attorneys,
ROBINSON & COLE LLP

*/s/ Anthony R. Zelle*

_____
John E. Tener, BBO No. 563791
Mary L. Cataudella, BBO No. 553350
Anthony R. Zelle, BBO No. 548141
Brian P. McDonough, BBO No. 637999
Nancy M. Cremins, BBO No. 658932
Robinson & Cole LLP
One Boston Place
Boston, Massachusetts 02108
(617) 557-5900

December 10, 2004

## Local Rule 7.1(A)(2) Certificate

I, Nancy M. Cremins, attorney for defendant Lumbermens Mutual Casualty Company in the above captioned matter, hereby certify that on December 10, 2004 I conferred with counsel for the plaintiff regarding the subject of the within motion and that we attempted in good faith to resolve or narrow the issues raised by the instant motion.

*/s/ Nancy M. Cremins*

_____
Nancy M. Cremins