# EXHIBIT A

**11/23/2004 Hearing**

```
 1                UNITED STATES DISTRICT COURT
 2                  DISTRICT OF MASSACHUSETTS
 3   * * * * * * * * * * * * * * * *
                                    *
 4   ROMAN CATHOLIC ARCHBISHOP      *
        OF BOSTON                   *
 5                  Plaintiff       *
                                    *
 6        VERSUS                    *    CA-04-10461-DPW
                                    *
 7   LUMBERMENS MUTUAL CASUALTY     *
        COMPANY                     *
 8                  Defendant       *
                                    *
 9   * * * * * * * * * * * * * * * *
10         BEFORE THE HONORABLE DOUGLAS P. WOODLOCK
11             UNITED STATES DISTRICT COURT JUDGE
12                         HEARING
13                   NOVEMBER 23, 2004
14   APPEARANCES:
15        PAUL B. GALVANI, ESQ., AND BRYAN R. DIEDERICH,
          ESQ., Ropes & Gray, LLP, One International Place,
16        Boston, Massachusetts  02110, on behalf of
          the Plaintiff
17
          ANTHONY R. ZELLE, ESQ. AND BRIAN P. McDONOUGH, ESQ.,
18        Robinson & Cole, LLP, One Boston Place, Boston,
          Massachusetts  02108, on behalf of the Defendant
19
                              Courtroom No. 1 - 3rd Floor
20                            1 Courthouse Way
                              Boston, Massachusetts 02210
21                            2:35 P.M. - 3:45 P.M.
22        Pamela R. Owens - Official Court Reporter
             John Joseph Moakley District Courthouse
23             1 Courthouse Way - Suite 3200
                 Boston, Massachusetts  02210
24
        Method of Reporting:  Computer-Aided Transcription
25
```

**11/23/2004 Hearing**

1   THE COURT: Well, before I go to the joint
2   statement, I just had handed to me a motion to compel
3   here. What's the story on this, Mr. Galvani?
4   MR. GALVANI: Your Honor, this is the motion
5   of Lumbermens. They served the document request or
6   mailed a document request to me about a month ago. I
7   sent them back a letter saying I thought it was
8   premature, we ought to wait and see what Your Honor
9   established for the next round of discovery before we
10  started dealing with documents. So, I wrote them two
11  letters to that effect. They filed a motion today.
12  They called and spoke to Mr. Diederich in my absence and
13  he said that we adhered to our position. We called them
14  back -- but I guess they had already filed it -- to say
15  that I would file a formal response next week.
16  THE COURT: Well, when can you respond to the --
17  MR. GALVANI: I mean, I can respond next
18  week.
19  THE COURT: No. I mean, respond in the form
20  of providing the documents.
21  MR. GALVANI: Well, I don't think they're
22  entitled to most of what they have asked for. A lot of
23  it, they've already gotten and a lot of the rest, we're
24  going to take the position they're not entitled to.
25  THE COURT: Why?

3

```
 1    identify what was turned over to the Attorney General.
 2    It was not catalogued in that fashion.  The Attorney
 3    General -- it was a grand jury proceeding.  So, the
 4    evidence is confidential in front of the Attorney
 5    General.  They took a lot of discovery, a lot of
 6    depositions.
 7              THE COURT:  Well, but the stuff that you
 8    turned over, you don't think you can identify?
 9              MR. GALVANI:  Well, I'm told that that is not
10    as easy as one might think, trying to identify that.
11    But it involved cases that extended far beyond
12    Lumbermens' years.  Lumbermens was off the policy in
13    1983.  The investigation of the Attorney General
14    extended right up into the year 2000.  So there are
15    almost 20 years of materials that have no bearing on the
16    proceeding here.  We have already turned over in the
17    first phase of discovery pursuant to Your Honor's order
18    all claimant files and all perpetrator files that bore
19    on any prior notice that might have been available to
20    the Archdiocese.  So, I believe they've got all this
21    information.  They were privy to all of the underlying
22    discovery.  And what they are asking for with respect to
23    the Attorney General is just beside the point.
24              THE COURT:  Well, I don't look forward to
25    spending lots of time on discovery disputes in this
```

```
1    case.  So, I'll see what your response is.  But I want
2    the response filed by --
3              MR. GALVANI:  By when, Your Honor?
4              THE COURT:  I think by the 2nd, which is
5    Thursday.
6              MR. GALVANI:  Yes, Your Honor.
7              THE COURT:  Okay.  So, let's turn back to this
8    question of Phase II scheduling.  I guess my concern is
9    that I'm not sure that I'm yet in a position to say what
10   the outcome would be of the two alternative proposed
11   schedules.  I think there is a significant possibility
12   that the schedule that the plaintiff is seeking here is
13   one that's likely to result in some Rule 56F practice at
14   the summary judgment stage on the merits.  What the
15   outcome of that practice would be, as I said, I'm not
16   certain enough to feel comfortable opining at this
17   point.  But that's what the plaintiff has proposed.  And
18   the effect may well be a two-stage or now three-stage
19   process for discovery.  If after going through a
20   discovery schedule as contemplated by the plaintiff I'm
21   satisfied that there is a proper grounds for a Rule 56F
22   objection, then we're on to additional discovery.  I am
23   perplexed a bit as well by the suggestion that motions
24   may be filed at any time.  What does that mean?
25             MR. GALVANI:  Well, Your Honor, if we believe
```