UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Roman Catholic Archbishop of Boston, a Corporation Sole, ) ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 04-10461-DPW |
| v. ) ) | |
| Lumbermens Mutual Casualty Company, ) ) | |
| Defendant. ) ) | |

**THE ROMAN CATHOLIC ARCHBISHOP OF BOSTON'S OPPOSITION
TO LUMBERMENS MUTUAL CASUALTY COMPANY'S MOTION TO COMPEL**

The Roman Catholic Archbishop of Boston, a Corporation Sole (the "RCAB"), respectfully submits this Opposition to Lumbermens Mutual Casualty Company's ("LMC") Motion to Compel filed on December 10, 2004. Despite LMC's attempts to recast its motion as a Motion for Discovery, it concerns the very same document request and document categories as LMC's pending Motion to Compel, which is fully briefed and awaiting decision.

On November 23, 2004, LMC filed a Motion to Compel the RCAB to produce a written response and documents pursuant to its request for production. The RCAB served its written response and opposed LMC's motion on December 2, 2004, as ordered by the court at the hearing on September 23, 2004. 9/23/04 Hr'g Tr. 7:1-6. Despite its pending motion and the RCAB's pending opposition, LMC filed the present redundant motion on December 10, 2004, and it did so on the basis of several wholly fallacious assertions.

First, LMC asserts that the RCAB's counsel "sidestepped the Court's direct inquiries" concerning when the RCAB would respond by producing documents to LMC. This assertion is

9606587_3.DOC

patently untrue, as evidenced by the excerpt of the transcript attached as Exhibit A to LMC's Motion. In fact, LMC's understanding of the events at that hearing has been plagued with confusion. When Mr. Zelle first suggested in his letter of December 7, 2004[1] (attached as Exhibit 1), that counsel for the RCAB was not complying with either the court's order or other events of the November 23rd hearing, counsel for the RCAB immediately responded by asking Mr. Zelle to direct him to the portion of the transcript upon which he was relying for those unfounded assertions, and suggesting that Mr. Zelle had misunderstood what transpired. (Attached as Exhibit 2.) Mr. Zelle responded that:

> It would be near the beginning of the transcript. I don't have the page number. Judge Woodlock asked when you would respond and you said that you would respond "next week." Judge Woodlock followed up by stating that means "providing the documents."

(Attached as Exhibit 3.) Counsel for the RCAB immediately sent an email to Mr. Zelle disputing the substance of that communication, and urging him to read the transcript. (Attached as Exhibit 4.) No such representation was made and the RCAB is not in default in any respect. However, LMC's motion blithely ignores all of the subsequent communications and attaches the initial incorrect letter.

Even more disturbing, however, is LMC's assertion that "[a]s was detailed in the December 7, 2004 letter, LMC's counsel was also informed that upon request and authorization from the RCAB, [the Attorney General] would make all of the documents produced available for inspection and copying." This is wholly specious. First, Mr. Zelle's December 7, 2004 letter says nothing of the sort.[2] Second, and more important, LMC again ignores the fact that this

---

[1] The letter itself is dated October 15, 2004, although it was actually sent by email on December 7, 2004, and it clearly refers to the hearing held on November 23, 2004.
[2] It states: "We have spoken with the Attorney General's Office and in response to a request from the RCAB, they will work with us and with you to ensure that a full and complete disclosure is accomplished."

proposed approach was expressly foreclosed by the Attorney General's Office by email dated December 2, 2004. (Attached as Exhibit 5.) By an earlier email, Ms. Marks of Robinson & Cole had suggested that "[i]f [the RCAB] thinks it would be more efficient and expeditious to obtain a copy of the materials directly from the Attorney General's Office, you should contact Assistant Attorney General Kurt Schwartz, and provide him with the RCAB's authorization to produce a copy of all of the documents to this firm." (Attached as Exhibit 6.) On December 2, 2004, however, Mr. Schwartz responded by stating that:

> The position that I have taken that the grand jury materials possessed by this office cannot be disclosed is grounded in both a statute and the Rules of Criminal Procedure. *Accordingly, a waiver by the RCAB probably does not change the equation – this office will still be precluded from disclosing grand jury materials.* (emphasis added.)

There was nothing to pursue. Yet, in spite of the Attorney General's explicit communication, LMC continues to insist in its motion that "the RCAB must permit the Attorney General's Office to provide LMC copies of this material."

For all of the reasons stated in this memorandum and the RCAB's opposition to LMC's prior motion to compel, the Court should deny the requested relief.

Roman Catholic Archbishop of Boston, a<br>
Corporation Sole<br>
By its attorneys,<br>
<br>
/s/ Paul B. Galvani<br>
Paul B. Galvani (BBO No. 183800)<br>
Thomas H. Hannigan, Jr. (BBO No. 220420)<br>
Bryan R. Diederich (BBO No. 647632)<br>
Kate Cimini (BBO No. 654336<br>
Ropes & Gray LLP<br>
One International Place<br>
Boston, Massachusetts 02110-2624<br>
(617) 951-7000

December 14, 2004