-----Original Message-----
**From:** Zelle, Tony R. [mailto:tzelle@rc.com]
**Sent:** Tuesday, December 07, 2004 3:37 PM
**To:** Galvani, Paul B.
**Cc:** Tener, John E.
**Subject:** See attached Letter.

Paul:

Please call me after you have had a chance to review the matters addressed in this letter.

**Anthony R. Zelle** 

Robinson & Cole LLP
One Boston Place
Boston, MA  02108-4404
Direct (617) 557-5937 | Fax (617) 557-5999
tzelle@rc.com | www.rc.com
Bio | Contact Card

ROBINSON & COLE LLP
Boston  New London  Hartford  Stamford  Greenwich  New York  Sarasota

----------------------------------------------------------------
This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If it is not clear that you are the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you suspect that you have received this communication in error, please notify us immediately by telephone at 1-860-275-8200, or e-mail at it@rc.com and immediately delete this message and all its attachments.
----------------------------------------------------------------

EXHIBIT 1

**ROBINSON & COLE**LLP

ANTHONY R. ZELLE

One Boston Place
Boston, MA 02108-4404
Main (617) 557-5900
Fax (617) 557-5999
tzelle@rc.com
Direct (617) 557-5937

October 15, 2004

*Via e-mail and first class mail*

Paul D. Galvani, Esq.
Ropes & Gray LLP
One International Place
Boston, MA 02110-2624

Re: *RCAB v. Lumbermens Mutual Casualty Company*
    U.S.D.C., D.Mass. Civil Action No. 04-10461 DPW

Dear Paul:

Pursuant to Local Rule 7.1(A)(2), I am writing in an effort to resolve or narrow the issues presented by the RCAB's objections and failure to timely produce documents in response to LMC's Request for Production. LMC's concerns with the RCAB's objections to the Request for Production are discussed below; however, LMC's most immediate concern is the production of documents which the RCAB states "will be produced." During the November 23rd scheduling conference, in response to Judge Woodlock's query as to when you would produce documents in response to LMC's document requests, you represented to the court that they would be produced "next week" *i.e., prior to December 3rd*.

As I am aware that the documents responsive to Request No. 1, the documents provided by the RCAB to the Attorney General's Office fill more than 100 boxes, and I presume that the RCAB will produce those materials in electronic form in accordance with the protocol set by the Court, I have been willing to grant you some leeway. However, it is the RCAB that has demanded expedited discovery and, therefore, I am extremely distressed by the fact that you have still not produced any of the responsive documents. Please let me know immediately when the documents will be produced.

On a related issue, I disagree with your representation that discovery is limited to "information from the RCAB files that touched upon issues of prior notice." As an initial matter, it is not the RCAB's prerogative to determine whether information "touches upon" an issue that is the subject of this litigation. Moreover, there is far more to this case than the issue of prior notice of specific claims. The RCAB's

## ROBINSON & COLE LLP

Paul D. Galvani, Esq.
December 14, 2004
Page 2

knowledge of sexual abuse by priests - before, during, and after the LMC policy periods - is an element of LMC's defenses and counterclaim that are predicated on the public policy that the Commonwealth and its citizens will be injured if insurance coverage is found to be available for bodily injury that results from sexual misconduct of which the RCAB was not only aware, but also concealed "from the parishes, the laity, law enforcement, and the public." *See*, page 30 of the Attorney General's Report.

I also disagree with your suggestion that the Attorney General's investigation was limited to the period after 1984 when Cardinal Law was the Archbishop. The Attorney General concluded:

> **For at least six decades**, three successive Archbishops, their Bishops and others in a position of authority within the Archdiocese operated with tragically misguided priorities. They chose to protect the image and reputation of their institution rather than the safety and well-being of the children entrusted to their care. They acted with a misguided devotion to secrecy. And they failed to break their code of silence even when the magnitude of what had occurred would have alerted any reasonable, responsible manager that help was needed.

Attorney General's Report, page 73.

All of the information pertaining in any way to the RCAB's "code of silence" and its "choice" to protect its image and reputation are reasonably likely to lead to the discovery of admissible evidence on the subject of the "late notice" issue, the "expected or intended" issue, the fortuity issue, the issues of concealment and the failure to cooperate by the RCAB. In addition, where the Attorney General concluded that the RCAB's "misguided devotion to secrecy" was a direct cause of the injuries for which the RCAB seeks insurance coverage, and that "any reasonable, responsible manager" would have been alerted to the fact that help was needed, all of the information provided by the RCAB to the Attorney General's file is potentially relevant to LMC's defenses and counterclaim based on the public policy against providing a financial benefit to an institution that embarked on a course of conduct that it knew would result in the sexual abuse of children.

# ROBINSON & COLE LLP

Paul D. Galvani, Esq.
December 14, 2004
Page 3


You suggested at the last scheduling conference, the RCAB did not maintain a complete set of the documents provided to the Attorney General by the Law Offices of Wilson D. Rogers and others. If this is the case (and we have been informed by the Attorney General's Office that original documents were produced and may not have been copied), I would like to know the RCAB's plan for producing all of these documents. We have spoken with the Attorney General's Office and in response to a request from the RCAB, they will work with us and with you to ensure that a full and complete disclosure is accomplished. However, this will require time, which is of the essence, and consequently, I will appreciate your immediate response to these matters.

I look forward to continuing to work with you on this matter.


Very truly yours,

*[signature]*

Anthony R. Zelle

Enclosure

cc.    John E. Tener, Esq.