UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THE ROMAN CATHOLIC ARCHBISHOP OF BOSTON, A CORPORATION SOLE, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 04-10461-DPW |
| LUMBERMENS MUTUAL CASUALTY COMPANY, | ) ) ) ) | |
| Defendant. | ) ) | |

**THE RCAB'S STATUS REPORT**

The Roman Catholic Archbishop of Boston, a Corporation Sole (the "RCAB") offered to counsel for Lumbermens Mutual Casualty ("LMC") to arrange for the filing of a joint status report for the Court. LMC has rejected this offer, apparently not wanting the RCAB to see its statement to allow a response at this time. Consequently, the RCAB submits this status report on its own behalf and will submit a reply, if necessary, to whatever LMC files. The RCAB anticipates, however, that LMC will continue to argue that it needs to take substantially more discovery in order to ready this case for disposition. The RCAB maintains that discovery in this case should be brought to a rapid close and that the case should be ready for summary judgment in April 1, 2005 and trial shortly thereafter.

    **A.**     **LMC's Actions Belie the Need for Additional Discovery.**

Despite the Court's suggestion that the purpose of the January 13 status conference is, in part, to assess LMC's need for additional depositions (and time) beyond the 15 already allotted by the Court (*see* 11/23/2004 Hr'g Tr. at 27:6–26:11), LMC's actions since the Court's last scheduling order have hardly been consistent with any claim that LMC needs additional

depositions in order to ready this case for disposition. Since the November 23, 2004 hearing, LMC has noticed a grand total of three depositions, and has taken just one.

The Local Rules require a party to exhaust the discovery already available to it before seeking additional discovery. *See* L.R. 26.2(B); *Whittingham v. Amherst Coll.*, 163 F.R.D. 170, 171 (D. Mass. 1995) (Neiman, M.J.). LMC has failed utterly to make out a case for additional discovery. *See Whittingham*, 163 F.R.D. at 171–72. The Court, therefore, should deny any request for additional discovery as no more than a delay tactic.

**B.     The RCAB Has Complied Fully with its Discovery Obligations.**

Contrary to LMC's efforts to drag out these proceedings as long as possible, the RCAB has complied in a timely fashion with all of LMC's discovery requests and with the orders of the Court. Thus, the RCAB responded to LMC's interrogatories on January 7, 2005, and the RCAB has produced all documents relevant to the case as required by the Court's orders pertaining to the initial disclosures. The RCAB also has produced, consistent with the Court's order, all portions of the Priest Personnel files which touch on the question of prior notice.

LMC has filed separate but redundant motions (dated November 23, 2004 and December 10, 2004) asking the Court to compel additional discovery into the priest personnel files. These motions should be denied for the reasons stated in the RCAB's oppositions (dated December 2, 2004 and December 12, 2004). Employment records are deemed confidential and courts grant access to them only upon a particularized showing that the records are likely to contain relevant information that cannot be obtained by other means. *See In re One Bancorp Secs. Litig.*, 134 F.R.D. 4, 12 (D. Me. 1991); *see also Whittingham v. Amrherst Coll.*, 164 F.R.D. 124, 127–28 (D. Mass. 1995). LMC has made no such showing.

### C. LMC Has Failed to Comply with Its Discovery Obligations.

In contrast to the RCAB, LMC has willfully disregarded its discovery obligations. On December 10, 2004, the RCAB propounded to LMC a number of interrogatories related to the remaining issues in the case. LMC asserted that it was not obligated to respond to interrogatories, alleging that the Court's orders of November 23, 2004 foreclosed the RCAB's filing of interrogatories. Absent from both the Court's order and the transcript of that hearing is any suggestion that the RCAB was obligated to refrain from further discovery while LMC conducted both written and deposition discovery. LMC has no basis whatsoever to ignore the RCAB's interrogatories and LMC should be required to respond.

### D. The RCAB Will be Ready for Summary Judgment and/or Trial at the Close of Phase II Discovery.

Despite LMC's refusal to comply with its discovery obligations, the RCAB will be prepared for summary adjudication and, if necessary, trial on April 1, 2005. As the RCAB has contended throughout this litigation, a case-by-case adjudication of the underlying claims settled by the RCAB is neither necessary nor contemplated by law. Consequently, the RCAB's burden is no more than to demonstrate that it reasonably settled, in gross, the underlying claims. *See Luria Bros. & Co., Inc. v. Alliance Assurance Co., Ltd.*, 780 F.2d 1082, 1091–92 (2d Cir. 1986); *Colonial Gas Co. v. Aetna Cas. & Sur. Co.*, 823 F. Supp. 975, 980–92 (D. Mass. 1993). Further, as LMC wrongfully disclaimed coverage based on its claims of fictitious aggregate, it is no longer permitted to assert defenses against the RCAB. *See Sarnafil, Inc. v. Peerless Ins. Co.*, 418 Mass. 295, 304–05 (1994).

Moreover, even if allowed to pursue defenses, LMC's additional discovery will be insufficient to support its far-fetched "expected or intended" defense, and LMC will be unable to

carry the burden of its counterclaim.  The Attorney General's report, which LMC cites as the basis for its counterclaims and defenses, concludes that there is no evidence that anyone at the RCAB intended that harm would befall the victims in these cases.  LMC will be unable, therefore, to carry the heavy burden under the Commonwealth's law for the "expected or intended" defense.  *See Worcester Ins. Co. v. Fells Acres Day School, Inc.*, 408 Mass. 393, 410–11 (1990); *Quincy Mut. Fire Ins. Co.*, 393 Mass. 81, 84–86 (1984).

Consequently, at the close of discovery on April 1, 2005, the RCAB believes that it will have established a case that it is entitled to the amounts yet unpaid of the previously settled claims.  The RCAB will continue to conduct discovery with regard both to the reasonableness of its settlements and LMC's bad faith behavior.  At most, the only issue remaining for trial after April 1, 2005, will be the assessment of damages against LMC for its bad faith in the handling of the RCAB's claims.

## CONCLUSION

In light of the foregoing, the RCAB proposes that the Court adhere to the schedule set down at the November 23, 2004 hearing.

    Respectfully submitted,

    THE ROMAN CATHOLIC ARCHBISHOP
    OF BOSTON, A Corporation Sole

    By its attorneys,


    /s/Paul. B. Galvani_____
    Paul B. Galvani (BBO # 183800)
    Thomas H. Hannigan, Jr. (BBO # 220420)
    Bryan R. Diederich (BBO # 647632)
    Kate Cimini (BBO # 654336)
    Ropes & Gray LLP
    One International Place
    Boston, MA 02110
    (617) 951-7000

Dated: January 11, 2005