UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE ROMAN CATHOLIC ARCHBISHOP OF BOSTON, A Corporation Sole, | ) ) ) ) |
| Plaintiff, | ) ) Civil Action No. 04-10461-DPW |
| v. | ) ) ) |
| LUMBERMENS MUTUAL CASUALTY COMPANY, | ) ) ) |
| Defendant. | ) |

**STATUS REPORT FOR JANUARY 13, 2005 SCHEDULING CONFERENCE**

Pursuant to this Court's request for a status report, LMC states that the RCAB's failure to produce any documents in response to LMC's October 15, 2004, Requests for Production of Documents, as well as its concealment and unfounded withholding of documents required to be produced in its initial disclosures, has thoroughly undermined LMC's efforts to pursue depositions. The RCAB has been equally evasive in responding to interrogatories.[1] LMC has moved to compel further responses to the October 15, 2004 Requests for Production and has filed a motion for sanctions based on the RCAB's discovery abuses. LMC is preparing a motion to compel further answers to interrogatories. Based on the RCAB's discovery abuses, LMC cannot discern whether it will be necessary to take more than the fifteen depositions allowed by

---

[1] For example, in request to LMC's Interrogatory No. 1 which seeks the information concerning the RCAB's notice of complaints and calls for the identity of complaints and complainants, the RCAB seeks to evade its discovery obligation by making reference to 171,857 documents "comprising the following bates-ranges . . ." and states that "the information sought is as easily ascertainable by LMC as the RCAB."

the Court's November 23, 2004 Scheduling Order, much less identify those witnesses and the subject matters on which they would be deposed.

Despite the RCAB's efforts to mislead this Court and LMC through its failure to produce documents and its evasive answers to interrogatories, LMC believes that the scope of this case can be significantly reduced based on the RCAB's failure to file this action within the time prescribed by the applicable statute of limitations. In that regard, LMC has filed a motion for partial summary judgment dismissing all claims for insurance coverage under any primary insurance policy issued by LMC.

To further limit the scope of this action, based largely on the deposition of the Reverend Gilbert S. Phinn, LMC will also file a motion for partial summary judgment in connection with the RCAB's claims for insurance coverage for the sums paid to victims of the defrocked Fr. Thomas M. Burns. The testimony of Fr. Phinn, the Director of Clergy Personnel from 1979-1983, along with documents maintained by the RCAB (which it failed to produce), demonstrate that Fr. Burns was assigned to serve as an Associate Pastor in Jamaica Plain in 1982, despite: (1) the RCAB's knowledge that he had previously molested young boys while serving as a priest in Ohio, (2) the RCAB's possession of a medical report from the House of Affirmation which "clearly stated that Father Burns ought not receive an assignment that placed him in a position to minister to minors;" (3) the express reservations of Cardinal Medeiros, Bishop Thomas V. Daily, Fr. Gilbert S. Phinn, reflected in notes maintained by Fr. Phinn concerning Fr. Burns "Problem: little children;" and (4) the explicit instructions of Bishop James W. Malone, who conditioned his grant of permission allowing Fr. Burns to serve as a priest outside the Diocese of Youngstown [Ohio], upon "the assurances of Fr. Phinn and Bishop Hughes" that "any assignment he [Burns] would be given would be subject to the recommendation of his counselors

[at the House of Affirmation] and would not allow him to be in a position where he would have contact with young boys."

In addition to narrowing issues through motions relating to the statute of limitations and the inapplicability of coverage for the amounts paid to victims of Fr. Burns, LMC believes that the resolution of this case will be advanced through the Court's determination of the law on the issues of trigger and allocation. The RCAB has not identified the manner in which it contends the amounts it paid to settle the sexual abuse claims should be allocated to the insurance policies issued by LMC, from 1962 through 1983, those issued by Travelers Insurance Company after 1983, and those issued by the insurer that replaced Travelers. Consequently, the amount for which LMC may ultimately be found liable is indeterminable. Through a judicial determination of the trigger and allocation issues, which can be made as a matter of law, LMC's monetary exposure can be determined and a foundation will be established for further pursuing settlement discussions.

Based on the foregoing, LMC respectfully submits that the following matters should be addressed at the January 13, 2005 Scheduling Conference:

1. The RCAB's discovery deficiencies and LMC's motion for sanctions.

2. LMC's motion for partial summary judgment on the statute of limitations issue.

3. LMC's motion for partial summary judgment on the claims for insurance coverage for victims of Robert M. Burns

4. A motion for summary judgment on the legal issues of trigger and allocation.

Respectfully submitted,

LUMBERMENS MUTUAL CASUALTY COMPANY,

By its attorneys,
ROBINSON & COLE LLP

*/s/ Anthony R. Zelle*

John E. Tener, BBO No. 563791
Mary L. Cataudella, BBO No. 553350
Anthony R. Zelle, BBO No. 548141
Brian P. McDonough, BBO No. 637999
Nancy M. Cremins, BBO No. 658932
Robinson & Cole LLP
One Boston Place
Boston, Massachusetts 02108
(617) 557-5900