UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE ROMAN CATHOLIC ARCHBISHOP OF BOSTON, A CORPORATION SOLE, <br> Plaintiff, <br> v. <br><br> LUMBERMENS MUTUAL CASUALTY COMPANY, <br> Defendant. | C.A.04-10461-DPW |

### AFFIDAVIT OF JOHN E. TENER

Now comes John E. Tener, Esq., and under oath hereby swear and state the following:

1. I am a partner at Robinson & Cole LLP, and a counsel of record for the defendant, Lumbermens Mutual Casualty Company ("LMC"), in the above-captioned matter and an attorney in good standing in Massachusetts.

2. I have been involved in the above-captioned matter since January 2004.

3. I was involved in defendant's production of documents pursuant to Fed. R. Civ. P. 26(a)(1), as more particularly detailed below.

4. My office requested from our client, LMC, all documents that may be potentially relevant to this matter. We received the vast majority of responsive documents prior to July 1, 2004, as well as several small batches of responsive documents thereafter.

5. All of the documents obtained from LMC were delivered to a document management firm for coding, indexing, and scanning as necessary for loading to our electronic database, Concordance, and so as to enable electronic production of the responsive documents to

BOST1-836189-2


EXHIBIT 15

the plaintiff, the Roman Catholic Archbishop of Boston, a Corporation Sole ("RCAB"), in compliance with the court's order.

6. The imaged data comprised not only the actual image of each of the documents, but also searchable fields that included for each document the following categories of information: the beginning and ending bates numbers; the document type; the document date; the author of the document; the direct recipient of the document; the recipients of copies of the document; and the optical character recognition ("OCR") of the document. The OCR element allowed for the proper search and review of documents for privilege and work product.

7. Attorney Brian McDonough, Attorney Mary Cataudella, and Paralegal Amy Marks, reviewed the electronically coded documents for the purpose of determining whether any of the documents should be withheld from production under an assertion of attorney-client privilege or work product immunity.

8. The method employed for the review included a series of search queries that captured all documents that were likely to contain attorney-client privileged materials or work product. These documents were then reviewed individually by Attorney Mary Cataudella, Paralegal Amy Marks, or Attorney Brian McDonough. During this review, certain documents were identified, and pursuant to a good faith belief, withheld from production under an assertion of attorney-client privilege or work product protection.

9. After identifying documents that were to be withheld from production, each document to be withheld was "tagged" electronically as either attorney-client privileged or work product to ensure it was not produced to RCAB's counsel.

10. Documents that were not tagged as attorney-client privileged or work product were copied and produced to RCAB's counsel.

11. Prior to our document review, LMC had not informed Robinson & Cole LLP that the law firm of Sidley, Austin, Brown & Wood, LLP ("Sidley Austin") had been retained by LMC in connection with its investigation into the availability of reinsurance. As a result, no searches were performed to screen the documents for attorney-client privileged communications from Sidley Austin or attorney work product generated by Sidley Austin.

12. During the course of the review approximately 75,072 documents, totaling roughly 169,000 pages, were reviewed. To date, approximately 72,910 total documents, comprising approximately 168,000 pages, have been produced. The document in question is the single document that was inadvertently produced.

13. Due to the volume of documents and the tight Phase I discovery deadlines set forth in the Court's June 3, 2004 Scheduling Order, it was deemed possible that privileged or work product materials would be inadvertently produced. I discussed this issue with RCAB's counsel, Paul Galvani. Mr. Galvani requested that I draft an Inadvertent Disclosure Agreement for his review. I sent a draft of this Agreement was sent to RCAB's counsel on July 8, 2004. A copy of this agreement is attached as Ex. 1. Although repeated requests have been made, counsel for the RCAB has neither signed nor responded to these communications.

14. The inadvertent production of a document was discovered as a result of receiving notice on August 17, 2004 of a subpoena being served on Sidley Austin by RCAB. This document was a single, two-paged document that contained attorney-client information and attorney work product relative to LMC's investigation into the availability of reinsurance for the claims paid to the RCAB.

15. Upon learning that this document was produced to RCAB's counsel, I was contacted by counsel at Sidley Austin in connection with the subpoena and confirmed that Sidley Austin provided legal services to LMC.

16. When it was confirmed that this document was privileged and contained confidential information intended only for LMC, my firm notified RCAB's counsel, through a letter dated August 23, 2004 written by Attorney Anthony Zelle that the document had been inadvertently produced. A copy of this letter is attached as Ex. 2.

17. In this August 23, 2004 letter, RCAB's counsel was requested to delete the document from all media on which it was stored electronically and to destroy all hardcopies.

18. This request was rejected by RCAB's counsel in a letter dated August 25, 2004. A copy of this letter is attached as Ex. 3.

19. I have personal knowledge of the facts contained in this affidavit.

SIGNED THIS 3rd DAY OF SEPTEMBER, 2004 UNDER THE PAINS AND PENALTIES OF PERJURY.

*[signature]*

John E. Tener         BBO No. 563791