UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Roman Catholic Archbishop of Boston, a Corporation Sole, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Lumbermens Mutual Casualty Company, )<br>)<br>Defendant. ) | Civil Action No. 04-10461-DPW |

**OPPOSITION TO LUMBERMENS MUTUAL CASUALTY COMPANY'S MOTION FOR EXTENSION OF TIME TO COMPLETE RULE 26 EXPERT REPORTS**

The Roman Catholic Archbishop of Boston, a Corporation Sole (the "RCAB"), opposes the Motion of Lumbermens Mutual Casualty Company ("LMC") to amend the scheduling order so as to extend by one month or more its deadline for filing expert reports. The Motion was filed today, January 31, 2005, and the reports are due tomorrow, February 1, 2005. The Motion, which is supported neither by affidavit nor memorandum, ought to be denied.

In what has now become a predictable fashion, LMC at the last minute has filed a motion seeking immediate action by the Court in the hope that it thus can foreclose opposition from the RCAB. The Motion filed by LMC ought to be rejected for the following reasons.

At the scheduling hearing held before this Court on November 23, 2004, counsel for LMC, Mr. Zelle, raised the issue of experts. The Court pressed him as to the nature of the experts he had in mind. When he was unable to explain adequately what expertise he sought, the Court directed that expert reports in their entirety be filed on February 1. Attached hereto as Exhibit A is the colloquy from that hearing.

Nothing was said about experts at the status conference of January 13, 2005. Instead, on January 20, 2005, Messrs. Tener and Zelle called counsel for the RCAB to discuss various issues. One of the questions they posed was whether the RCAB would be amenable to sequencing expert reports. I declined, pointing out that the Court had directed that *all* reports be filed on February 1. No motion was forthcoming from LMC. Then this morning, January 31, I received another call from Mr. Tener. He asked that I agree to give them an extension of time to file their expert reports. He did not link the request to any lack of documents. On the contrary, he said that his experts' reports were almost done and that they just needed more time. I told him that I would not agree to an extension of the Court-ordered date, that my expert report was ready to be filed, and that his should be too.

Nonetheless, another last minute motion has been filed by LMC at 1:00 p.m. today seeking an additional month or more to file their reports. This motion is just another round in its continuing effort to delay these proceedings. When it filed its Motion to Compel Production of Documents and for the Imposition of Sanctions, LMC sought to stay all discovery. The Court specifically declined to do so at the hearing at January 13, 2005, and instead ruled that all the dates in the Scheduling Order were to remain in effect.

We have been working diligently since January 13, 2005 to obtain documents from the Attorney General and from the files of predecessor counsel and to produce them to LMC. We expect that to happen this week.[1] The absence of those documents, however, in no way will have precluded LMC from preparing and submitting its expert reports. In fact, as our opposition to the Motion to Compel Production of Documents and for the Imposition of Sanctions reveals, most of the documents which LMC complains it did not have, it in fact has had since even before

---

[1] In fact, the Assistant Attorney General called this very afternoon to say that their review was complete and the RCAB is arranging to have their files copied.

this litigation was filed. The attempt to resort to the Attorney General and his report is an extraneous effort to delay these proceedings. If some truly new documents are produced that are material, presumably LMC will be able to seek leave to supplement its reports. But it should not be allowed to continue its dilatory ways. The Motion should be denied.

## CONCLUSION

For the foregoing reasons, LMC's Motion for Extension of Time to Complete Rule 26 Expert Reports should be denied in its entirety.

Roman Catholic Archbishop of Boston, a
Corporation Sole
By its attorneys,

/s/ Paul B. Galvani
Paul B. Galvani (BBO No. 183800)
Thomas H. Hannigan, Jr. (BBO No. 220420)
Bryan R. Diederich (BBO No. 647632)
Kate Cimini (BBO No. 654336)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Dated: January 31, 2005