1  conference on the 13th.  I suspect that your deposition
2  notices are going to be going out already -- or not
3  already, but by December 8.
4         MR. ZELLE:  Sure.
5         THE COURT:  And I'll take it step by step at
6  that point.  But I think that that's the best I can do
7  for you right now.  Mr. Zelle, go ahead.
8         MR. ZELLE:  Yes.  I just wanted to back up for
9  a second.  You mentioned the expert identification by
10 February 1.
11        THE COURT:  Designation by February 1.
12        MR. ZELLE:  But you're not talking about the
13 Rule 26(b)(4) disclosures at that time, are you, just
14 the identity?
15        THE COURT:  Well, I guess just designation
16 would be sufficient.
17        MR. ZELLE:  Right.
18        THE COURT:  But, you know, you're going to
19 have to do some expert discovery before -- I haven't
20 thought this through enough and it's not identified
21 fully here.  But you're going to have to do your expert
22 depositions by April 1.
23        MR. ZELLE:  Well, then -- okay.  Then we'll
24 factor that in.
25        THE COURT:  I mean, you'll think about this



29

1  some more. But all I'm asking for is designation at
2  this stage unless the parties have something else that
3  they want now by way of order. But I'm not going to be
4  presented with "gee, we haven't fully done our Rule 26
5  reports" or "they haven't done them for me,
6  consequently, we want an extension of time beyond April
7  1st." So, maybe I should say it right now: February 1
8  is with the reports that are called for by Rule 26.
9          MR. ZELLE: It's going to be difficult.
10 Obviously, we can present a report. But having at that
11 point not gotten all that far -- as far as we've gotten
12 into --
13         THE COURT: Who are the -- what are these
14 experts, anyway? What are they going to be?
15         MR. ZELLE: The experts we will present, Your
16 Honor, will testify about the information that the RCAB
17 had relative to concealing sexual abuse from --
18         THE COURT: When you say that, that sounds
19 like a percipient witness. It doesn't sound like an
20 expert to me. What's the opinion that this person is
21 going to have?
22         MR. ZELLE: What they did with that
23 information.
24         THE COURT: That's a percipient undertaking.
25         MR. ZELLE: Well, let me pause for a moment,

1   Your Honor, to explain how we're going to present the
2   expert testimony. The experts will testify not on a
3   percipient basis, about policies and practices of the
4   RCAB obviously and how they conform --
5           THE COURT: Like what? Just give me a for
6   instance.
7           MR. ZELLE: For instance, if there is a sexual
8   abuse claim concealment, it should not be reported, it
9   should not be documented.
10          THE COURT: Well, but what's the foundation
11  that they have for saying that? I mean --
12          MR. ZELLE: Vatican memoranda.
13          THE COURT: Would someone who is going to come
14  in say, "It is my opinion that they had a pattern and
15  practice of concealing?"
16          MR. ZELLE: Well, he's going to testify about
17  his being privy to the memorandum and about the RCAB's
18  adherence to that memorandum.
19          THE COURT: But that's a -- I keep saying
20  percipient, but I mean that to distinguish it from
21  someone who is offering an opinion concerning some
22  matter that's beyond the ken of the jury. If this is
23  someone who was a recipient of the memorandum or found
24  the memorandum or whatever, that's a different matter.
25  But I don't see these -- I don't understand that as an

1  expert.
2             MR. ZELLE: The experts' opinions will be
3  premised on what the RCAB witnesses testify they did
4  with respect to specific --
5             THE COURT: Well, then give me a specific or a
6  "for instance" -- not a specific, but a "for instance"
7  of what the opinion will be -- that this is inconsistent
8  with the way in which a large hierarchy should handle
9  these claims, that this will inevitably lead to a
10 failure to identify the underlying cases that could be
11 the functional equivalent of reckless disregard.
12            MR. ZELLE: Again, Your Honor, I'm kind of
13 reaching -- as you are -- to frame exactly how the
14 opinions are going to be presented.
15            THE COURT: Okay. But let me just say that
16 that tells me now that I really do think that all
17 experts and their opinions, to the degree required by
18 Rule 26, be disclosed by February 1. We can talk about
19 it again, but I think --
20            MR. ZELLE: I think we'll be able to lay out
21 broad opinions. Unfortunately, I don't think we will
22 have a factual predicate for those opinions.
23            THE COURT: Okay. Well, we'll talk about that
24 in January then, too.
25            MR. ZELLE: Okay. Insofar as --

November 23, 2004 Hearing

1        THE COURT: But I think I want a better
2   explanation of these opinions or at least one that I can
3   understand more readily than I have just received.
4        MR. ZELLE: You're certainly entitled to one,
5   Your Honor. I just submit that inasmuch as the report
6   will detail what the expert expects to testify about,
7   obviously we need to develop the predicate. I'd also
8   suggest that, in some sense, I'm uncomfortable with
9   the proposition that we need to present an expert
10  disclosure prior to doing the factual discovery inasmuch
11  as that is going to reflect in great detail our strategy
12  and our mental impressions for the discovery. And
13  inasmuch as it's already out there --
14       THE COURT: We're beyond that. I mean, that's
15  not an effective -- persuasive, I should say --
16  opposition to this scheduling. We're on a fast track
17  for schedule and I need to know -- and so do you -- how
18  we're going to deal with experts.
19       MR. ZELLE: Okay.
20       THE COURT: Now, Mr. Galvani, do you have any
21  experts?
22       MR. GALVANI: Yes, Your Honor. We expect to
23  have an expert on a couple of topics. One would be the
24  reasonableness of the settlement in light of other
25  settlements in other comparable situations.